| 33 | 431 |
|----|-----|
| 96 | 59 |

</div>

## DALY *vs.* THE STATE.

[INDICTMENT FOR RETAILING SPIRITUOUS LIQUORS.]

1. *Selling liquor drunk on or about the premises.*—It being shown that the liquor sold by the defendant was drunk "in an alley, five or six feet wide, which led from the main street between his house and that of an adjoining proprietor; that the defendant had no control whatever over said alley, nor could he see drinking carried on there from his front door; that it did not lead into his back yard, nor was there any window opening from his storehouse into it,"—these facts alone, without explanation or addition, do not authorize the court to assert, as matter of law, in its charge to the jury, that the place where the liquor was drunk was *about* the defendant's premises.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. PORTER KING.

"On the trial of this case," as the bill of exceptions recites, "the State introduced as a witness one Wiley Hawkins, who testified, that the defendant kept a house in the town of Eutaw where spirituous liquors were sold; that he, (witness,) within twelve months before the finding of the indictment, frequently bought whiskey from the defendant by the quart; that said liquor, on divers occasions, was drunk in an alley, five or six feet wide,

which led from the main street between the defendant's
house and that of one Hart; that the defendant had no
control whatever over said alley, nor could he see drink-
ing carried on there from his front door; that said alley
did not lead into his back yard, nor was there any window
opening from his store-house into said alley; that said
liquor was delivered by the defendant in bottles; that he
(witness) did not know whether or not the defendant
ever saw him or others drinking in said alley; and that
the defendant frequently told him and others who bought
from him, that they must not drink on or about his
premises.

"This was all the evidence in the cause; and thereupon
the court charged the jury, 'that if they believed from
the evidence, beyond a reasonable doubt, that the defend-
ant, within twelve months before the finding of the
indictment, and within said county of Greene, sold spir-
ituous or vinous liquors by the quart, and that the same
was drunk on or about his premises, they must find him
guilty.' The defendant excepted to this charge, and
requested the following written charge: 'That the proof
must be such as to satisfy the jury that the defendant
knew, or had reason to believe, at the time of the sale of
said liquor, that the same would be drunk in said alley,
or on or about his premises;' which charge the court
refused to give, and the defendant excepted.

"After the jury had retired, and been absent for some
time, they returned into court, and asked for a definition
of the word *about;* and the court thereupon instructed
them in these words: 'To relieve you, gentlemen, of
further difficulty as to the meaning of the word *about,* I
charge you, that the alley, as spoken of by the witness,
was about the defendant's premises.' To this charge, also,
the defendant excepted."

JOHN G. PIERCE, for the appellant.

M. A. BALDWIN, Attorney-General, *contra.*

R. W. WALKER, J.—When, in reply to the inquiry
of the jury as to the meaning of the word "about," the

court charged them that "the alley, as spoken of by the witness, was *about* the premises," this, when considered in connection with the evidence, all of which is set out in the bill of exceptions, was tantamount to a charge, that the place where the liquor was drunk, as described by the witness, was within the prohibition of the statute; and so it must have been understood by the jury. How far the alley spoken of extended; to what distance the liquor was carried by the buyer before he drank it; whether the place of drinking was in view of the seller or of his premises, are all facts proper to be considered in determining whether the drinking took place about the premises. The bill of exceptions is silent upon all these points. And we cannot assert, as matter of law, that, on the facts disclosed, without explanation or addition, the place was *about* the premises within the meaning of the Code. The court below did, as we have seen, announce that as a conclusion of law from the evidence. In so doing it erred.—Easterling v. The State, 30 Ala. 46.

The judgment is reversed, and the cause remanded.