No. 10,623.

## STOCKWELL v. THE STATE.

INTOXICATING LIQUOR.—*Sale Without License.*—*Indictment.*—An indictment for selling intoxicating liquor without license " to be drunk *and* suffered to be drunk in the defendant's house, out-house, yard *and* garden," is good on motion to quash; charging thus in the conjunctive it merely avers more than is necessary to make an offence, under section 5320, R. S. 1881.

SAME.—*Evidence.*—*Appurtenances.*—A platform and steps annexed to a room are appurtenances thereof, within the meaning of section 5320, R. S. 1881.

From the Monroe Circuit Court.

*J. W. Buskirk*, for appellant.

*F. T. Hord*, Attorney General, *H. C. Duncan*, Prosecuting Attorney, and *W. B. Hord*, for the State.

NIBLACK, J.—This was a prosecution for unlawfully sell-ing intoxicating liquor. The substantial part of the indict-ment was as follows:

"The grand jury of Monroe county, in the State of Indi-ana, * * * * * * on their oath present that one John Stock-well, late of said county, on the 11th day of September, A. D. 1882, in said county, and State, * * did then and there unlawfully sell to one James M. May intoxicating liquor, to be then and there drunk and suffered to be drunk in the house, out-house, yard and garden of the said John Stock-well, situate in the said county, and in the appurtenances then and there and thereunto belonging, where the same was sold, to wit, one quart of beer at and for the price of fifteen cents, he, the said John Stockwell, not then and there having a license to sell such intoxicating liquor to be drunk, or suf-fered to be drunk, in the said house, out-house, yard or gar-den, or in said appurtenances thereunto belonging."

Before pleading to the accusation against him, the defend-ant moved to quash the indictment, but his motion was over-ruled. The court thereupon found the defendant guilty as charged, and assessed and adjudged a fine against him.

Error is assigned upon the refusal to quash the indictment, and upon the overruling of a motion for a new trial, which was, at the proper time, interposed.

The appellant insists that the indictment was bad for un-certainty:

*First.* In averring that the intoxicating liquor was sold *to be drunk and suffered to be drunk* in certain places.

*Second.* In not alleging that the intoxicating liquor was sold to be drunk at some one of the places enumerated in it.

The phrases "to be drunk and suffered to be drunk," con-tained in the first specification, and the words "house, out-house, yard and garden," referred to in the second specifi-cation, having been conjunctively connected together, no uncertainty resulted from the use of those phrases and words. Being thus conjunctively connected, the only effect was that

more was charged in the indictment than was necessary to make out an offence under the statute. R. S. 1881, sec. 5320. If these phrases and words had been disjunctively connected, a different question would have been presented. 1 Chit. Crim. Law, 231; 1 Bish. Crim. Proced., sec. 585. There was no error in overruling the motion to quash the indictment.

It was shown by the evidence that there was a platform in the rear of the room which constituted the appellant's place of business, and that there were some steps leading down to the ground from that platform.

May, the prosecuting witness, testified to having purchased a quart of beer of the appellant at the time and place and of the quality charged in the indictment; that the appellant gave him the beer in a quart measure, and two glasses to drink it with, and told him to go out the back way, off the premises; that he, witness, went out across the platform on to the steps, where he and another person drank the beer; that the appellant might have seen him drinking the beer by looking out of a back window, but that he, witness, could not say that the appellant did so, not knowing whether he did or not; that he had frequently bought beer of the appellant before, and had drunk it either on the platform or on the steps; that he, witness, had seen other persons purchase beer of the appellant and drink it at one or the other of those places.

It was also shown by the evidence that the appellant did not own the building in which the beer was sold, but simply occupied a part of it under a lease which only specifically embraced the room constituting his place of business and the cellar under it.

It is argued on behalf of the appellant, that, under such circumstances, he had no legal control over either the platform or the steps leading from it, and that, consequently, he was not responsible for the use which the prosecuting witness made of the steps after he, the appellant, sold him the beer.

The inference from the evidence inevitably was, that the platform and steps were appurtenances to the room in which

the beer was sold, and it seems to us that the only question of any difficulty for the court to decide was, whether the beer was drunk upon the steps with the consent of the appellant. We think that the evidence tended to show that the platform and steps were used as drinking places with the consent of the appellant, and that, under all the circumstances disclosed by the evidence, the court was justified in coming to the conclusion that the prosecuting witness drank the beer on the steps with the assent of the appellant impliedly given.

We see no error in the refusal of the court to grant a new trial.

The judgment is affirmed, with costs.