No. 11,730.

## STOUT *v.* THE STATE.

<div style="float:right">

| 96 | 407 |
|----|-----|
| 148 | 704 |
| 96 | 407 |
| 153 | 379 |

</div>

CRIMINAL LAW.—*Defective Indictment.*—*Refusal to Quash.*—*Error.*—Under section 1756, R. S. 1881, the refusal to quash an indictment for a defect or imperfection therein, which does not tend to the prejudice of the substantial rights of the defendant upon the merits, is not an available error for the reversal of the judgment.

SAME.—*Intoxicating Liquor.*— *Unlawful Sale of Beer.*—*Evidence.*—*Presumption.*
—Where the defendant is prosecuted for an unlawful sale of intoxicat-

ing liquor, and upon the trial the evidence shows a sale of beer under circumstances which would make the sale unlawful if the beer was intoxicating, it will be presumed, in the absence of evidence to the contrary, that the beer so sold was a malt or an intoxicating liquor.

SAME.—*Instructions.*—*Supreme Court.*—Instructions to the jury are construed by the Supreme Court, with reference to each other and as an entirety; and if, thus construed, they present the law fairly and correctly, and are not calculated to mislead, they will afford no sufficient ground for the reversal of the judgment, although some of the expressions therein, if they stood alone, might be erroneous.

SAME.—*Argument of Counsel.*—*Reading Law to Jury.*—As the Constitution of this State, in all criminal causes, makes the jury the ultimate judges of the law, there is no error in permitting counsel, in argument to the jury, to read and discuss the law applicable to the case.

From the Monroe Circuit Court.

*J. R. East* and *W. H. East,* for appellant.

*F. T. Hord,* Attorney General, *J. E. Henley,* Prosecuting Attorney, and *W. B. Hord,* for the state.

HOWK, J.—In this case the indictment charged that, on the 15th day of September, 1883, in Monroe county, the appellant, Daniel A. Stout, " did then and there unlawfully sell to one Samuel Stephens intoxicating liquor, to be drunk and suffered to be drunk in the house, out-house, yard, garden, and the appurtenances thereto belonging of the said Daniel A. Stout, where the same was sold, to wit, one quart of beer, at and for the price of fifteen cents, he, the said Daniel A. Stout not then and there having a license to sell such intoxicating liquor to be drunk, or suffered to be drunk, in his said house, out-house, yard, garden, and the appurtenances thereto belonging, contrary to the form of the statute," etc.

Upon the appellant's arraignment and plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding him guilty as charged in the indictment, and assessing his punishment at a fine of $20. Over his motion for a new trial, and his exception saved, the court rendered judgment on the verdict.

Errors are assigned here by the appellant which question

the decisions of the circuit court in overruling his motion to quash the indictment and his motion for a new trial.

By the indictment in this case it was intended, no doubt, to charge the appellant with the second of the two misdemeanors, which are defined and their punishment prescribed in section 5320, R. S. 1881. So far as applicable to the case in hand, this section provides as follows: "Any person, not being licensed according to the provisions of this act, * * * who shall sell or barter any spirituous, vinous, or malt liquors to be drunk or suffered to be drunk in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than twenty dollars nor more than one hundred dollars, to which the court or jury trying the cause may add imprisonment in the county jail of not less than thirty days nor more than six months."

The appellant's counsel claim that the indictment is bad, and ought to have been quashed. Counsel say: "The negative averment is not sufficient; treating the averments in the indictment as true, yet there may not have been any crime committed. The appellant may have had a license to sell in the house, out-house, yard and garden, and not on the appurtenances; in other words, the indictment alleges that he did not have a license to sell to be drunk in *all* of these places. That is the plain and ordinary meaning of the language used in the indictment. If the conjunction *and* had been *or*, the indictment would be good; the negation would then be sufficient." This is the entire argument of counsel in support of the only objection they have pointed out to the sufficiency of the indictment. We are not convinced by their argument that their objection to the indictment is well taken. In support of their position counsel cite *Stockwell* v. *State*, 85 Ind. 522, but that case is against them rather than in their favor. In section 1756, R. S. 1881, it is provided, in effect, that no indictment shall be quashed for any defect or imperfection

therein, which does not tend to the prejudice of the substantial rights of the defendant upon the merits.    It can not be said, we think, that the defect or imperfection pointed out by counsel in the indictment in this case tended even remotely to the prejudice of the substantial rights of the appellant upon the merits.    The court did not err, therefore, in overruling the motion to quash the indictment.

Under the alleged error of the court, in overruling the appellant's motion for a new trial, the point is made by his counsel, that the verdict was not sustained by sufficient evidence, because, they say, the evidence failed to show that the beer sold by appellant was a malt or an intoxicating liquor. This point is settled adversely to the appellant, in the recent case of *Myers* v. *State*, 93 Ind. 251, wherein it was held substantially, that when the evidence shows a sale of beer under circumstances which make the sale unlawful, it will be presumed, in the absence of any showing to the contrary, that the beer so sold was a malt or an intoxicating liquor.    In speaking of the evidence in the cause, appellant's counsel say : " It is true, here is proof of a sale of beer, and, while the evidence is not very strong, it might be sufficient to sustain the charge, if the beer had been proved to be intoxicating." In this case, however, there being no evidence to the contrary, the presumption must be indulged that the beer sold by appellant was a malt or an intoxicating liquor.    This objection to the evidence not being well taken, we are justified in saying that appellant's counsel concede the sufficiency of the evidence to sustain the conviction.

With this concession of counsel in view, we proceed to the consideration of the error complained of by the appellant, in the instructions given by the court, of its own motion.    It may be conceded that the instructions, as they appear in the record, are inaccurate and uncertain.    Construed together, however, as an entire charge, as they must be, we do not think there was any such error in the instructions, or either

of them, as could possibly mislead the jury or prevent the defendant from obtaining, at their hands, a just, fair and impartial verdict. Besides, as the cause seems to us to have been fairly tried on its merits, and as it is conceded that the conviction of the appellant was sustained by sufficient evidence, the instructions of the court, even though erroneous, would not authorize or justify the reversal of the judgment. *Cassady* v. *Magher*, 85 Ind. 228; *Norris* v. *Casel*, 90 Ind. 143; *Cheek* v. *City of Aurora*, 92 Ind. 107; section 1891, R. S. 1881.

The last cause assigned for a new trial, in appellant's motion therefor, was that " the court erred in allowing the **prosecuting** attorney, in his closing argument to the jury, to read to the jury the case of *Stockwell* v. *State*, 85 Ind. 522, as the law bearing on the case on trial." This cause for a new trial is not shown to be true, as stated, by the bill of exceptions appearing in the record. The bill states, " that the court permitted William P. Rogers, Esq., an attorney for the State, in his closing argument to the jury, to read to the jury the case of *Stockwell* v. *State, supra,* stating to the court and jury at the time that he read said decision as part of his argument." The action of the court, as thus stated, was not erroneous. Section 19 of the bill of rights, in our State Constitution, makes the jury in all criminal causes the ultimate judges of the law as well as of the facts. *Keiser* v. *State,* 83 Ind. 234. It is proper, therefore, that counsel should be permitted by the court to read and discuss the law in their arguments to the jury, on the trial of a criminal cause. *Lynch* v. *State,* 9 Ind. 541; *Harvey* v. *State,* 40 Ind. 516.

The court did not err in overruling appellant's motion for a new trial.

The judgment is affirmed, with costs.

Filed June 21, 1884.