Steuben County Court, December, 1902. Reported. 79 N. Y. Supp. 1122.

## PEOPLE *v.* MILLER.

**1. Intoxicating liquors—Illegal sales—Search—Resistance of officer.**

Under Liquor Tax Law (Laws of 1896, chap. 112, § 37), providing that all officers authorized to make arrests in any city may, in the performance of their duties, enter on any premises where liquors are sold at any time when such premises are open, when the outer door of a hotel building in which liquors are sold is open, a police officer has a right to go into every part of the building to search for violations of the law, and forcible exclusion from any room constitutes resistance of an officer.

**2. Same—Immaterial evidence—Harmless error.**

In a prosecution for resisting a police officer by interfering with his search of premises in which liquors were sold for violations of the law, evidence that he was directed by the police commissioners and the mayor to see that the law was enforced, was immaterial, but not prejudicial, since by Laws of 1896, chap. 112, § 37, it was the duty of the officer to ascertain and report violations of the law, whether directed by his superiors or not.

**3. Same.**

Evidence as to whether a door of a certain room in the building in which the search was being made was fastened or not, though immaterial, was not prejudicial.

APPEAL from Recorder's Court of Corning.

John Miller was convicted in the Recorder's Court of the city of Corning of the crime of resisting an officer while in the discharge of his duty, and appeals. Affirmed.

*Leslie W. Wellington,* for appellant.

*Almon W. Burrell,* District Attorney, for the People.

CLARK, J.: The deposition was sufficient to confer jurisdiction on the court to issue the warrant.

The learned counsel for the appellant takes the position that, although the outer door to the Miller Hotel was open and the officer got into the room without trouble, he had no right to go into a lower room, which it is claimed was fastened with a hook, and which defendant forcibly prevented him from entering, thus, as it is claimed, committing the crime for which he was convicted. If the appellant's theory is to govern, it would give a

very narrow and restricted construction to the law as laid down in section 37 of the Liquor Tax Law. If the officer had the right to go into some part of the hotel, and was prevented from going into other parts, it is plain that the law giving him the right to enter on premises where liquor was sold, to see whether the law was being violated, would be an absolute dead letter. I believe that the word "premises," as used in the section quoted, has a broader meaning, and it refers to any and all places connected with the building over which the seller of liquor has the right to and does exercise authority and control. (*Downman* v. *State*, 14 Ala. 242; *Daly* v. *State*, 33 Ala. 431.) Practically the same broad definition of the word "premises" is given in the following cases: *Stockwell* v. *State*, 85 Ind. 522; *Shields* v. *State*, 95 Ind. 299; *People* v. *Higgins*, 56 Mich. 159, 22 N. W. 309. While I have been unable to find in this State a case precisely in point, and counsel do not cite any, from reading the above cases, I have no doubt but that it was the intention of the Legislature, by the terms of section 37 of the Liquor Tax Law, to confer on the officers the right to go into any portion of the premises where liquor was sold in their investigations and inspections to ascertain whether or not there were violations. That being so, the chief of police in the case at bar had the right not only to go into the Miller Hotel, kept by the defendant, but also into any part of it, in making his investigations. Defendant permitted him to go into the barroom and some other rooms, but, when he attempted to go into the room below, a scuffle ensued between the officer and the defendant, and defendant admits he knew Mr. Ryan was a police officer; and as to who was the aggressor, and as to whether or not the defendant resisted the officer as charged, are all questions submitted to the jury. They are questions of fact, the jury has found on those points against the defendant on ample evidence, and their decision cannot be disturbed here.

But other questions arose upon the trial which must be considered here. Several objections were made by the defendant to the receipt and rejection of evidence, and one or two will be mentioned here. The officer was permitted to testify, over the objection of defendant's counsel, that at a meeting of the police commissioners previously held the matter of enforcing the Liquor Tax Law was talked over and he (the officer) was informed by the mayor that he should go on and enforce the law. This evidence was clearly immaterial, and the objection should

have been sustained. But, the evidence being wholly immaterial, I cannot see how the defendant was harmed by it. It made no sort of difference whether or not the police commissioners had had a meeting, or whether or not the mayor had told the chief of police to enforce the law. That was his business anyway, and what the mayor told him did not add anything to the duty he was bound to perform. So whether there had been a meeting of the police commissioners or not, and whether or not the mayor had told the chief to enforce the law, would make no sort of difference. It was his business to do it, and, if he had reason to believe that violations were going on in defendant's hotel on Sunday, he had a right to go there and investigate and inspect the premises; and it was his duty to do it, without regard to anything the mayor had said or had not said. So, while the evidence ought not to have been admitted, I can see no way in which the defendant was harmed or prejudiced thereby. It was on a wholly immaterial point, and it furnishes no sufficient ground for a reversal of the judgment, if the conviction is otherwise supported by sufficient evidence.

Likewise the evidence as to whether or not the inside door was fastened was immaterial. The officer had a right to investigate the premises. (Section 37, Liquor Tax Law.) In doing that he had a right to go into any part of the premises. The main entrance was open, and that was sufficient. Cases cited above. This defendant was conducting a hotel in Corning. On the Sunday in question the chief of police went into the hotel, which was open. He had the right to go into all parts of the premises to see whether or not the law was being violated, and when the defendant by force prevented him from going into the lower room, after being told by the officer that he was such and had a right to go into the room, he took his chances, and the finding of the jury on the question of fact that he was guilty of the crime charged is supported by ample competent evidence, and the erroneous admission of immaterial evidence in the instances above mentioned, being wholly on immaterial points, could hardly have prejudiced the defendant. It was plainly proven that defendant kept a hotel in which he sold liquor; that on this Sunday the chief of police, whom he knew to be such, was inspecting his premises to see if he was violating the law. It was also proven that the defendant by force prevented the officer from going into one of the rooms of this hotel, after being told by the officer that he

was such, that he had a right to go into the room, and after being asked to permit the officer to go into the room. On all these points the jury found with the people, and the defendant who runs the risk of resisting an officer also assumes the risk of being punished, if convicted. The defendant was convicted in this case, and I can find no errors in the admission or rejection of evidence which would warrant the reversal of the judgment, which was supported by ample competent evidence.

The judgment and conviction must therefore be affirmed.