L. J. ORKE, Appellant, v. JAMES McMANUS, Defendant,
DUBUQUE STAR BREWING COMPANY, Intervener, Ap-
pellee.

Intoxicating liquors: SALE AT RETAIL BY BREWER: PLACE OF SALE:
FORFEITURE OF RIGHT TO DO BUSINESS. A brewery company by
permitting the sale of its product at retail upon its manufactur-
ing premises consisting of several lots and structures, even though
a separate room is set apart for that purpose, violates the
statute and forfeits its right to do a wholesale business; and
sales made by it are unlawful, payment for which can not be
enforced.

*Appeal from Winneshiek District Court.*—HON. L. E.
FELLOWS, Judge.

FRIDAY, MAY 14, 1909.

THE plaintiff, Orke, brought this action against the
defendant, McManus, for $416, an alleged balance due
for fixtures, furniture and stock in a saloon sold by the
plaintiff to the defendant. The Dubuque Star Brewing
Company intervened in the action and alleged that it held
a prior bill of sale upon the fixtures, furniture and stock
in question, executed and delivered to it by the plaintiff
Orke, and that it held the same as security for an indebted-
ness owing to it by the plaintiff. It also pleaded that an
arrangement had been entered into between the parties
whereby the defendant McManus should retain possession
of the property and should pay the balance of the pur-
chase price due from him to the party legally entitled to
the property. Both plaintiff and defendant answered the
petition of intervention, alleging the intervener's bill of
sale was void, in that the consideration therefor consisted

wholly of an indebtedness incurred by the plaintiff for in-
toxicating liquors unlawfully sold to him by the intervener.
There was trial to the court and judgment for the inter-
vener.    Plaintiff appeals.—*Reversed.*

E. R. Acres, for appellant.

M. A. Harmon, for appellee McManus.

E. W. Cutting, for appellee Dubuque Star Brewing
Co.

EVANS, C. J.—Orke operated a saloon at Ossian,
Iowa, and became largely indebted to the intervener, Du-
buque Star Brewing Company, for intoxicating liquors
purchased.   To secure this indebtedness he executed to the
intervener a bill of sale of the property in question.  Some
time later he sold out his business to McManus, and exe-
cuted to him also a bill of sale covering the same property.
Upon discovering the claim of the intervener, McManus de-
clined to pay the balance of the purchase price, and this
suit was brought therefor.   The pleadings of the parties
were so framed that the only issue tried was whether the
sales of intoxicating liquors by the intervener to Orke prior
to June 6, 1905, was in violation of law.   If so, Orke is
entitled to judgment against McManus, as prayed; if not,
the intervener is entitled to such judgment.

The intervener was a manufacturer of beer, located
at Dubuque, Iowa, and claimed to be operating in accord-
ance with the provisions of sections 2456 and 2461 of the
Code.   Section 2460 provides: "Any person, partnership
or corporation operating any brewery  .  .  .  permitting
any drinking of such product or selling the same at retail
upon the premises of any such manufacturing establishment
shall forfeit the exemption hereby contemplated to be
granted."   It is the contention of appellant that the inter-

vener did permit drinking of beer upon its premises, and that it did sell the same at retail upon such premises. It appears from the undisputed testimony that the intervener was the owner of a certain structure or structures covering eight lots of ground in a certain block numbered from three to ten inclusive. Lot No. three was in the northeast corner of the block, and the other lots lay to the south in consecutive order, fronting east. Exhibit 24 is a photograph or engraving of such structure or structures as they appear fronting east.

The claim of the intervener was that the brewery proper covered lots five, six, seven, eight, nine and ten. The structure covering lots three and four consists of two stories. The second story thereof is used as a residence by the president of the brewery company. That part of the lower story which covers lot four is occupied by the president as an office. That part of the lower story which covers lot three is occupied as a saloon for the retail of beer from the brewery. There are partitions between the saloon and the office and between the office and the brewery proper. There are also entrances between the saloon and the office and between the office and the brewery proper. The brewery company

operated the saloon and sold its brewery product therefrom at retail. The public entrance into the saloon was at the northeast corner. By its contract with its employees the brewery company was required to furnish them with beer free of charge. This was furnished to them in the saloon. It is claimed that they always entered the saloon for such purpose through the public entrance, and such fact may be assumed for the purpose of our consideration. No beer was retailed at any other place upon the premises.

The question presented to us is whether the brewery company permitted any drinking of its product or sold the same at retail "upon the premises of such manufacturing establishment." We see no escape from the conclusion that this entire property was one property, under one ownership, and under one management.

The fact that one room was set apart exclusively for the purpose of drinking and selling at retail the product of the brewery ought not to be deemed as separating it from the premises. If it could be so deemed, then the provision of the statute has little use. Its evasion would involve no inconvenience. We think therefore that the intervener was selling the product of its brewery "upon the premises." It thereby lost the protection of the statute referred to, and its sales of intoxicating liquors to the plaintiff were unlawful, and its security for the indebtedness created was void under section 2423.

As to what is meant by the term "premises" in such a case, see: Words and Phrases, vol. 6, 5512; *Downman v. State,* 14 Ala. 242; *Daly v. State,* 33 Ala. 431; *Stockwell v. State,* 85 Ind. 522; *Shields v. State,* 95 Ind. 299; *People v. Higgins,* 56 Mich. 159 (22 N. W. 309); *People v. Miller* (Co. Ct.) 79 N. Y. Supp. 1122; *Winlock v. State,* 121 Ind. 531 (23 N. E. 514); *Bandalow v. People,* 90 Ill. 218.

The judgment below must therefore be *reversed.*