(68 Misc. Rep. 442.)

MEHLER v. BAKER, Police Com'r, et al.

(Supreme Court, Special Term, Kings County. July, 1910.)

INTOXICATING LIQUORS (§ 110*)—INSPECTION OF PREMISES—POLICE SUPERVISION.

    Under Liquor Tax Law (Laws 1896, c. 112) § 32, subd. 5, police officers in cities have a right to go into premises where liquor is sold to ascertain whether there are violations of the liquor tax law; and such right is not confined to the room where the sale is actually carried on, but extends to any portion of the premises connected therewith.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 120; Dec. Dig. § 110.*]

Action by Andrew Mehler against William F. Baker, as Police Commissioner, and others. On motion for an injunction pendente lite. Motion denied.

Order affirmed 125 N. Y. Supp. 1131.

Emil E. Fuchs, for the motion.

Archibald R. Watson, Corp. Counsel, and James D. Bell and Sanders Shanks, Assistants, opposed.

KAPPER, J. Holders of liquor tax certificates entitling them to traffic in liquor "take them with all the privileges and subject to all the burdens imposed upon them by the liquor tax law." Matter of Livingston, 24 App. Div. 51, 52, 48 N. Y. Supp. 989. Among these burdens is the prohibition against the use of the premises for gambling, and not alone must the holder of the certificate refrain from suffering or permitting any gambling to be carried on in the room in which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

liquors are sold, but in any other portion of the premises which are in any way connected with that part thereof wherein the traffic in liquors is carried on. Liquor Tax Law (Laws 1896, c. 112) § 17, subd. 8.

The plaintiff under an hotel license carries on the business of selling liquors in the city of New York in a building the second floor of which contains two rooms, all the windows of which appeared to be guarded by iron bars and exterior shutters, that were closed on each occasion that the police visited the interior of the premises, or looked at the same from the outside. Those two rooms were fitted up with tables and contained a safe; and upon the ground floor of the premises there was a metal-covered door leading to these two iron-barred rooms, which was kept locked, and which the plaintiff himself opened with a key on the occasion of the visits of the police.

The plaintiff claims that he conducts a law-abiding hotel and that no gambling or illegal traffic or conduct is carried on or permitted by him on the premises. He further claims that the police in their visits are committing a trespass, and that they already have had a sufficient and reasonable amount of inspection, and that further inspection constitutes such an annoyance as to amount to a legal trespass and oppression. Besides showing the general construction of the premises, as before stated, the defendants claim that men known to the police as gamblers are seen in and about the plaintiff's hotel, and that they suspect that the premises are devoted to gambling.

Plaintiff does not inform the court to what uses such rooms are put, and I am at a loss to imagine what a legitimately conducted hotel wants with them in their present state of construction. As now constructed the rooms are a fortress, and can be entered only by breaking in, and, once in, can be departed from only by breaking out. If the proprietor desires to be freed from police espionage, he should alter the construction and equipment, so as to remove suspicion, to say the least.

It is made the duty, by subdivision 5 of section 32 of the liquor tax law, of all sheriffs, deputy sheriffs, police officers, constables, mayors, village presidents, and special agents of the State Commissioner of Excise to enter and inspect any building or premises conducted as an hotel; and said subdivision makes it a misdemeanor for any person to forbid, obstruct, or prevent the officers named from free entry into any such building or premises "for the purposes of this act." And by section 37 of the liquor tax law:

"All police officers are authorized in the performance of their duties to enter upon any premises where the sale of liquors is carried on or liquors are exposed for sale at any time when such premises are open."

My view is that it was the intention of the Legislature to confer on police officers in cities the right to go into and investigate and inspect any portion of the premises where liquor is sold, in order to ascertain whether or not there are violations of the liquor tax law. This right of entry and inspection is not confined to the room where the sale of liquors is actually carried on, but also to any other portion of the premises in any way connected therewith, so that it may be determined

whether the act in any of its inhibitions (one of which is gambling) is being violated.

While it may be, as said by Mr. Justice Gaynor in Olms v. Bingham, 116 App. Div. 804, 806, 101 N. Y. Supp. 1106, 1107, that "it is very easy to see the extortion that could be practiced on hotel proprietors by policemen and their superiors, if they were permitted to unlawfully invade hotels and annoy the proprietors and guests as they saw fit," the plaintiff's suit for an injunction falls where the police visits and inspections are shown to be not unlawful, but in pursuance to statutory command.

However onerous it may appear that the police shall come with frequency into premises where the liquor traffic is carried on under a claim of the right of inspection to determine violations of the act, this is one of the burdens which the act inflicts upon the holder of the certificate, and subject to which he accepted it and traffics in liquors. The state imposed its restrictions and limitations upon him when he applied for and obtained his liquor tax certificate, and he conducts his business subject to the conditions with which the state surrounded his use of its license. Motion for an injunction denied, with $10 costs.

Motion denied, with $10 costs.