In the Matter of TONY FORTINO, Respondent, against STATE LIQUOR AUTHORITY, Appellant.

Argued November 18, 1936; decided December 31, 1936.

*Monroe I. Katcher, II,* and *Nelson Ruttenberg* for appellant. The places where wine was found were parts of respondent's licensed premises within the meaning of the Alcoholic Beverage Control Law (Cons. Laws, ch. 3-B). (*People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43; *Spencer* v. *Myers,* 150 N. Y. 269; *Surace* v. *Danna,* 248 N. Y. 18; *Caddy* v. *Interborough R. T. Co.,* 195 N. Y. 415; *Matter of Jannicky,* 209 N. Y. 413; *Wiley* v. *Solvay Process Co.,* 215 N. Y. 584; *Archer* v. *Equitable Life Assur. Soc.,* 218 N. Y. 18; *Matter of Bowne* v. *Bowne Co.,* 221 N. Y. 28; *Mehler* v. *Baker,* 68 Misc. Rep. 442; 140 App. Div. 895; *People* v. *Miller,* 79 N. Y. Supp. 1122; *Matter of Walters,* 243 App. Div. 649; *Matter of Nardone* v. *State Liquor Authority,* 245 App. Div. 799; *Matter of Rubin* v. *Mulrooney,* 243 App. Div. 695; *Matter of Hellman,* 245 App. Div. 750; *People ex rel. Old Heidelberg Tavern, Inc.,* v. *Mulrooney,* 248 App. Div. 594; *Matter of Kordos,* 244 App. Div. 889; *Matter of Evans,* 244 App. Div. 889.) The violation having been established, the appellant's determination was a proper exercise of its discretion upon the facts and should not be disturbed. (*People ex rel. Sullivan* v. *McLaughlin,* 266 N. Y. 519; *People ex rel. St. Albans S. Corp.* v. *Connell,* 257 N. Y. 73; *People ex rel. N. Y. & Queens Gas Co.* v. *McCall,* 219 N. Y. 84; *People ex rel. Smith* v. *Hoffman,* 166 N. Y. 462; *People ex rel. Cook* v. *Hildreth,* 126 N. Y. 360; *Matter of Syracuse, B. & N. R. R. Co.* v. *Van Amburgh,* 223 App. Div. 485; 251 N. Y. 548; *Lyman* v. *Kurtz,* 166 N. Y. 274; *People* v. *Hawk,* 156 Misc. Rep. 870; 268 N. Y. 678; *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110; *Matter of State Industrial Comm.* v. *Newman,* 222 N. Y. 363; *Flynn* v. *Prudential Ins. Co.,* 207 N. Y. 315; *103 Park Ave. Co.* v. *Exchange Buffet*

*Corp.*, 242 N. Y. 366; *People ex rel. Steckler* v. *Warden*, 259 N. Y. 430.)

*Edward J. Halter* for respondent. The wine found by the State investigator was not on the licensed premises as charged within the meaning of the Alcoholic Beverage Control Law. (*Matter of Lasher* v. *State Liquor Authority*, 245 App. Div. 402.)

LEHMAN, J. After a hearing held upon the charge that the " licensee kept or permitted wine to be kept or consumed on the licensed premises, in violation of section 108 of the Alcoholic Beverage Control Law," the State Liquor Authority revoked a license which had been issued to Tony Fortino for the sale of beer at retail for consumption in an eating place on the premises located at 8 Burgoyne road, Ticonderoga, New York. The determination of the State Liquor Authority revoking the license was reversed by the Appellate Division.

Section 108 of the Alcoholic Beverage Control Law (Cons. Laws, ch. 3-B) provides that " no person holding a beer license issued pursuant to chapter one hundred and eighty of the laws of nineteen hundred thirty-three or this chapter shall keep or permit to be kept or consumed on the licensed premises any liquor or wine, unless such beer licensee shall be the holder of an appropriate liquor or wine license." An investigator of the State Liquor Authority testified that " in a sort of a box, it looked like a kennel, there was a dog tied outside of it — there was a lot of straw in it. I turned up the straw with a pitchfork and under the straw I found a cake of ice, and two bottles of wine. I looked further, and in a coupe car in the garage, I found some baskets and boxes containing about sixty or seventy other bottles of wine." The so-called dog kennel was in back of the house in which the petitioner maintained a restaurant and " right outside the kitchen door." The garage was " directly connected with the house."

This evidence was not contradicted by the licensee, but, in explanation of the fact that the wine was found on the licensee's premises, the wife of the licensee testified that the wine had belonged to her deceased father and had been removed by her that same day from the cellar of the house in Whitehall, N. Y., where he had lived. She had been informed that some of the wine had been stolen and she had been advised by the Chief of Police of Whitehall to remove what remained from the cellar. She drove in her automobile to Whitehall and brought back the wine to Ticonderoga. Her story was that she removed two bottles and placed them on the ice because she expected some guests to dinner and desired to serve the wine to them. The other bottles of wine she left in the automobile, intending to find a place to store them pending settlement of the estate. The investigator found the wine within an hour after she brought it to Ticonderoga.

The Liquor Authority was not bound to credit this testimony, but even if it be true, the fact remains that two bottles of wine were found on ice in a box on the premises of the licensee convenient to the kitchen of the restaurant, and more bottles were found in a garage on the same premises. The licensee's wife, who claims that she brought the wine, acted as cook in the restaurant, and the inference may fairly be drawn that she acted with the licensee's knowledge and authority. There is no testimony or serious contention to the contrary, and the Appellate Division assumed, though by no means so deciding, that Mrs. Fortino may have been the agent of the licensee. It annulled the determination of the Board on the ground that " the places where the wine was found were no part of the ' licensed premises ' " and that " the Legislature did not intend to forbid the presence, for family use, of wine or liquor in that part of the premises devoted to the family dwelling, whether for dietary, social, or medicinal purposes."

The statute does not attempt to define " licensed premises." There is no reason why it should. " Licensed premises " can mean only the premises described in the license and in which, under the terms of the license, an alcoholic beverage or alcoholic beverages may be sold. Where, as in this case, the premises are described only by street and number, it is plain that the licensed premises are the premises owned by the licensee at that address. Though the licensee may live on part of the premises, he would have the right under his license to maintain a restaurant in each and every part of the premises indoors and out of doors and a sale of beer at retail for consumption there would be legal.

It is true that in section 3, under the heading " Definitions " the statute provides: " Whenever used in this chapter, unless the context requires otherwise * * * (7) ' Building containing licensed premises ' shall include the licensed premises and also any part of a building in which such premises is contained and any part of any other building connected with such building by direct access or by a common entrance." In that definition of a " *building* containing licensed premises," the Appellate Division found indication that " licensed premises " shall be a particular location within a building and shall exclude places outside of the building and not connected with the building by direct access or by a common entrance.

The statutory definition has no such scope or effect. " Licensed premises " may, of course, be confined to a particular location leased or controlled by the licensee in a building which may contain many other rooms. In order to carry out the declared purpose of the statute " to regulate and control the manufacture, sale and distribution within the state of alcoholic beverages for the purpose of fostering and promoting temperance in their consumption and respect for and obedience to law " (§ 2), the Legislature has seen fit to supplement provisions which

apply to the "licensed premises" by other provisions which apply to the entire "building containing licensed premises." (Cf. § 106, subd. 9-d; § 111; § 113, etc.) The statutory definition described what the Legislature means when it uses that term. Perhaps most licenses, especially in cities, may be issued for premises limited to a location in a building containing other rooms. The statute enjoins no such limitation. The application for a license must identify "the premises to be licensed stating the street and number, if the premises have a street and number, and otherwise such apt description as will reasonably indicate the locality thereof." (§ 110, subd. 3.) In this case the application contains no description of the "premises to be licensed" or indication of the locality thereof except the statement of street and number. The license likewise contains no other description of the licensed premises or limitation to any particular part of the premises owned by the licensee at that particular street or number. The applicant sought a license without such limitation and obtained it. The license may be revoked if on any part of such premises he permits a violation of the law. The construction placed upon the statute by the Appellate Division does not accord with its letter or spirit.

The order of the Appellate Division should be reversed and the determination of the State Liquor Authority affirmed, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.