Peter D. Cook, Esq. Town Attorney, Tonawanda
We acknowledge receipt of your letter requesting our opinion on several aspects of Alcoholic Beverage Control Law §§ 54, 128 and 128-a.
You inquire whether a policeman in your town police department may be given permission to work in his off-duty hours:
 1. As a guard or director of traffic to provide parking lot traffic control:
 a. for a cheese and food store which is not licensed to sell alcoholic beverages but which is connected to a liquor store selling alcoholic beverages for off-premises consumption if there is no direct access between the two stores but which stores are served by the same parking lot;
 b. at a church parking lot during the hours when parishioners are coming to and leaving church services if the church has a license to sell alcoholic beverages for on-premises consumption but which license is not used during the time the off-duty policemen would be working in the parking lot;
 c. in a bowling alley parking lot, if the bowling alley has a license to sell alcoholic beverages for on-premises consumption.
2. As a guard:
 a. in a restaurant having a license to sell alcoholic beverages for on-premises consumption in order to protect large amounts of money kept on hand to cash payroll checks for factory employees;
 b. at a bingo game conducted in a building in which, but on a different floor, there is an area licensed to sell alcoholic beverages for on-premises consumption;
 c. in a bowling alley licensed to sell alcoholic beverages for on-premises consumption to prevent hold-ups and to escort a person taking money to deposit in a bank.
 3. As "security" for volunteer fire department picnics where beer is sold "for on-premises consumption in a fenced-in area."
For the reasons hereafter discussed, a policeman may not be given permission to work in his off-duty hours under any of the circumstances described above with the possible exception of Item 1 paragraph a, which is employment to control traffic in a parking lot for a cheese and food store not having a license to sell alcoholic beverages but which is connected to a liquor store which is licensed to sell alcoholic beverages for off-premises consumption if there is no direct access between the two stores but which two stores are served by the same parking lot. The factual picture is not sufficiently clear for us to reach a firm conclusion in connection therewith and, indeed, it might be that only a court could resolve that particular question.
We point out that Alcoholic Beverage Control Law § 130 makes a violation of §§ 128 and 128-a, along with certain other sections of the law, a misdemeanor. Employment, such as above described, could place a licensee and the employed police officer in jeopardy. A licensee could lose his license or have it suspended and the police officer might be dismissed from his civil service position of policeman.
Alcoholic Beverage Control Law § 128, was amended and § 128-a was added by Chapter 911 of the Laws of 1977 and now provide, in pertinent part, as follows:
 "§ 128. Certain officials not to be interested in manufacture or sale of alcoholic beverages.
 "1. Except as otherwise provided in section one hundred twenty-eight-a, it shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages * * *"
 "§ 128-a. Police officers allowed to work in licensed premises in certain cases.
 "Notwithstanding any inconsistent provision of law to the contrary, the authority shall promulgate such rules and regulations as may be necessary to provide that it shall not be unlawful for a police officer employed in this state, having written permission and consent from his commanding officer, to work in a premises licensed to sell beer at retail for off-premises consumption under section fifty-four of this chapter."
Alcoholic Beverage Control Law § 54, relates to the licensing of premises for the sale of beer at retail for consumption off the premises. Subdivision 5 thereof reads as follows:
 "5. Such license shall contain a description of the licensed premises and in form and in substance shall be a license to the person specifically designated therein to sell beer at retail in the premises
specifically licensed, not to be consumed upon said premises." (Emphasis supplied.)
The Court of Appeals stated, in Matter of Fortino v. State LiquorAuthority, 273 N.Y. 31 (1936), at page 35: "The statute does not attempt to define `licensed premises.' There is no reason why it should."
In examining Webster's Third New International Dictionary Unabridged, published by G. and C. Merriam Company in 1963, we find the following definition of the word "premises":
 "Premises * * * b: a specified piece or tract of land with the structures on it c: a building, buildings, or part of a building covered by or within the stated terms of a policy (as of fire insurance) d: the place of business of an enterprise or institution * * *."
In People v. Miller, 79 NYS 1122 (1902), the court stated, at page 1123:
 "While I have been unable to find in this state a case precisely in point, and counsel do not cite any, from reading the above cases I have no doubt but that it was the intention of the legislature, by the terms of section 37 of the liquor tax law, to confer on the officers the right to go into any portion of the premises where liquor was sold in their investigations and inspections to ascertain whether or not there were violations."
It also stated on the same page:
 "I believe that the word `premises,' as used in the section quoted, has a broader meaning, and it refers to any and all places connected with the building over which the seller of liquor has the right to and does exercise authority and control."
In Mehler v. Baker, 68 Misc. 442 (1910), the opinion stated, at page 444:
 "My view is that it was the intention of the Legislature to confer on police officers in cities the right to go into and investigate and inspect any portion of the premises where liquor is sold, in order to ascertain whether or not there are violations of the Liquor Tax Law. This right of entry and inspection is not confined to the room where the sale of liquors is actually carried on, but also to any other portion of the premises in anyway connected therewith, so that it may be determined whether the act in any of its inhibitions (one of which is gambling) is being violated."
People v. Miller and Mehler v. Baker were decided under the Liquor Tax Law which was in effect prior to the adoption of the Eighteenth Amendment to the Constitution of the United States. Nevertheless, they have relevancy in interpreting the Alcoholic Beverage Control Law.
In Matter of Fortino v. State Liquor Authority, supra, the court stated, at page 36: "The license may be revoked if on any part of such premises he permits a violation of the law." This was a case in which a beer license authorizing the sale of beer for consumption on the licensed premises was revoked because two bottles of wine were found on ice in a dog house outside of the building containing the licensed restaurant and 60 or 70 bottles of wine were found in an automobile in a garage attached to the building containing the licensed restaurant. All the bottles had been brought to the premises only that day by the licensee's wife from her recently deceased father's residence in a near by community.
Pursuant to the direction of Alcoholic Beverage Control Law § 128-a
the State Liquor Authority has adopted Rules and Regulations 9 NYCRR 100.1, providing as follows:
 "Section 100.1 Employment of police officers in licensed premises. (a) A police officer employed in this State, having written permission and consent from his commanding officer, may work in a premises solely licensed to sell beer at retail for off-premises consumption under section 54 of the Alcoholic Beverage Control Law.
 "(b) A copy of such written consent shall be kept on the licensed premises throughout the period of employment of such police officer in such licensed premises.
 "(c) Except as provided in this Part, no police officer employed in this State shall be employed, or work in, any premises licensed to sell alcoholic beverages." (Emphasis supplied.)
Based upon the probable deliberate omission of a statutory definition of the word "premises," the breadth of the dictionary definition of the word, the wording used in the portions of the statutes quoted above and the wording of the above Rule and Regulation promulgated by the State Liquor Authority under the mandate of Alcoholic Beverage Control Law § 128-a, we can only conclude that the word "premises" has to be construed in more than one sense. An illustration of this is Alcoholic Beverage Control Law § 54, subd. 5, which allows sale of beer at retail "in" the licensed premises but which beer is not to be consumed "upon" those premises. A structure is apparently contemplated in connection with the license and land, upon only a portion of which a structure has been built, is contemplated by the word "upon."