■ In the Matter of R & J FARMS, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [599 NYS2d 62] — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated September 7, 1990, which, after a hearing, suspended the petitioner's liquor license for 25 days, 15 days forthwith and 10 days deferred, and imposed a $1,000 bond claim.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination finding the petitioner guilty of certain violations on August 22, 1989, and the penalty imposed with respect thereto, are annulled, and the charges are dismissed.

While the discretionary power to determine whether a

person may be licensed to traffic in alcoholic beverages has been statutorily conferred upon the New York State Liquor Authority, the courts have nevertheless maintained their judicial responsibility to review administrative action claimed to be arbitrary and without foundation in law *(see, Matter of Matty's Rest. v New York State Liq. Auth.,* 21 AD2d 818, *affd* 15 NY2d 659).* In the instant matter, the New York State Liquor Authority determined that the petitioner violated the Alcoholic Beverage Control Law by selling beer for off-premises consumption at a sliding window in a carport on the licensed premises and thus extended its license to an unlicensed part of the premises *(see,* Alcoholic Beverage Control Law § 54 [5]; § 111). We find that this determination is contrary to controlling precedential authority *(see, Matter of Fortino v State Liq. Auth.,* 273 NY 31). Indeed, the decision of the Court of Appeals in *Fortino* makes it clear that since the subject license identified the licensed premises by street address only, the subject transaction did not take place outside of the licensed premises. Thus, the New York State Liquor Authority's determination is arbitrary and without foundation in law. Accordingly, the determination under review is annulled and the charges are dismissed *(see, Matter of Matty's Rest. v New York State Liq. Auth., supra).* Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.