## O'Connor v. The State.

LIQUOR LAW.—*Constitutional Law.*—*Affidavit.*—In a prosecution before a mayor or justice of the peace, under the act of February 27th, 1873, for selling intoxicating liquors without a permit, the affidavit is sufficient if it contains the averments prescribed by section 19 of said act; therefore it is not necessary to state the price for which the liquor was sold, or that the seller had no permit. Said section 19 is constitutional.

SAME.—*Appeal.*—On an appeal to the circuit court in such case, the trial is to be had on the affidavit filed before the mayor or justice.

SAME.—*Evidence.*—To justify a conviction for selling contrary to the provisions of section 1 of said act, it must be shown that the defendant, without a permit, sold liquor to be drank in, upon, or about the building or premises where sold, etc. Therefore, where the accused sold a bottle of beer, which he delivered to the purchaser in his wagon, standing immediately in front of the seller's place of business, and which was there drank, and it did not appear that the seller had any knowledge or understanding that it was to be drank in such close proximity to his premises, the evidence was insufficient to convict.

SAME.—The purpose or understanding of the parties in such case may be inferred from the circumstances of the transaction.

O'Connor *v.* The State.

From the Jasper Circuit Court.

*R. Gregory, D. Turpie,* and *H. D. Pierce,* for appellant.

*J. C. Denny,* Attorney General, for the State.

BUSKIRK, J.—The appellant was convicted in the court below for selling intoxicating liquor without a permit. The prosecution originated before a justice of the peace, and the affidavit conformed to the form prescribed by the nineteenth section of the act of February 27th, 1873. In the circuit court, the appellant moved to quash the affidavit, but the motion was overruled. Motions in arrest and for a new trial were overruled. The errors assigned here are based upon the action of the court in overruling the motions to quash, and for a new trial.

Two objections are urged against the affidavit, and they are, that no price for which the liquor was sold is stated, and that there is no averment that the defendant did not have a permit. These objections would have been well taken under the well settled rules of criminal pleading and practice, as they exist at common law, but the nineteenth section of the above recited act prescribes a form and declares it shall be sufficient in all prosecutions before justices of the peace or mayors. It is, however, insisted by counsel that such section is unconstitutional and void. In *Farrell* v. *The State, post,* p. 371, we held such section to be constitutional, and the form prescribed sufficient in the courts of justices of the peace and mayors. And we now hold, that on appeal to the circuit court, the case will be tried in that court upon the affidavit filed before the justice or mayor. The question was fully considered in the case of *Farrell* v. *The State, supra,* and we adhere to such ruling.

It is next insisted that the court erred in overruling the motion for a new trial, because the evidence was not sufficient to justify a conviction. It is not denied that the appellant sold the liquor to the person named in the affidavit, and that such person drank it; but it is insisted that it was not drunk in, upon, or about the building or premises where the

liquor was sold, nor in any room, building, or premises adjoining to or connected with the place where the liquor was sold.

John Burger, the person to whom the liquor was sold, testified: "I am acquainted with the defendant, Timothy O'Connor; he resides in Remington, Jasper county, Indiana; he keeps a grocery and provision store, and sells liquors ; he sells whiskey and beer ; his business house fronts the east; the room is divided by a partition running north and south, between the rooms. In the west part of the store-room and west of the partition, he keeps his liquor. On or about the 30th day of May, 1873, I drove up to the defendant's place of business in a buggy, or light wagon, in company with Patrick H. Lalley ; we drove to the south side of the building opposite a door that opens on the street, south of the store-room, and I bought of the defendant a bottle of beer ; the beer was malt beer, which we drank, seated in the wagon ; I paid twenty cents for the beer."

This witness, on cross-examination, testified: " We drove up close to the door, and O'Connor handed the bottle out to us, and we drank, seated in the wagon; we drank out of the bottle ; the defendant did not give us any glass to drink out of. The liquor was in the bottle at the time it was handed to us. I paid for the beer the sum of twenty cents."

The first section of the act of 27th of February, 1873, provides, "that it shall be unlawful for any person or persons, by himself or agent, to sell, barter, or give away for any purpose of gain, to any person whomsoever, any intoxicating liquors to be drunk in, upon, or about the building or premises where the liquor is sold, bartered, or given away, or in any room, building, or premises adjoining to or connected with the place where the liquor is sold, bartered, or given away for the purpose of gain, until such person or persons shall have obtained a permit therefor from the board of commissioners of the county where he resides, as hereinafter provided." Acts 1873, p. 151.

To constitute an offence under the first branch of the above section, it must be shown that a person, without a permit, had sold liquor, to be drunk in, upon, or about the building or premises where it was sold, bartered, or given away. It does not sufficiently appear that the appellant sold the bottle of beer with the purpose, expectation, or understanding, express or implied, that the purchaser was to drink it while sitting in his wagon, close to the door of the saloon. If the appellant sold the bottle of beer with the understanding that it was to be taken away and drank elsewhere, he was guilty of no offence. The offence consists in selling liquor to be drunk in, upon, or about the house or premises where sold. A court or jury may infer from all the facts or circumstances surrounding a transaction, that the liquor was sold, to be drunk in, upon, or about the house or premises, or in a room, building, or premises, adjoining to or connected with the place where it was sold, although there was no express understanding in reference thereto between the vendor and purchaser. If a person goes into a saloon and calls for a glass of beer, or drink of liquor, and the beer is drawn and handed in a tumbler, or a bottle of liquor and tumblers are placed upon the counter, the presumption might be indulged that it was intended that the beer or liquor was sold to be drunk in the saloon. If to this was added proof that the proprietor or bar-tender stood by and permitted, without objection, the beer or liquor to be drunk, the presumption would be greatly strengthened, if not rendered conclusive. If the appellant had handed to Mr. Burger and Mr. Lalley beer in tumblers, while sitting in the wagon, close to the door, the presumption might be indulged that it was sold with the understanding that it was to be drunk there. If, in addition to this, it was shown that the appellant stood by and permitted them to drink the beer, without objection, and then received the pay and tumblers, a pretty strong presumption would arise that the liquor was sold to be drunk in the place where such persons then were.

But such are not the facts or circumstances of the present case. For aught that appears in the evidence, the appellant sold the bottle of beer with the expectation or understanding that it was to be taken away and drunk elsewhere. It is not shown that the appellant was present when the beer was drunk, or that he even knew it was drunk in the wagon, close to his door; nor is it shown what was done with the bottle after the beer was drunk, or whether it was paid for before or after it was drunk.

Such facts and circumstances may have been proved in the court below, but they are not in the bill of exceptions, by which we are to be governed.

In our opinion, the verdict is not supported by sufficient evidence.

The judgment is reversed; and the cause is remanded, for a new trial.