Filed Jan. 26, 1884.

---

No. 11,373.

## STOUT v. THE STATE.

CRIMINAL LAW.—*Intoxicating Liquor.—Premises Where Sold.— Uncertainty in Description.—Duplicity.*—Where the indictment charges the defendant with but one unlawful sale of intoxicating liquor to be drunk on the premises where sold, it is not bad for duplicity merely because of uncertainty in the description of such premises, as " the house, out-house, yard, garden, *and* the appurtenances thereunto belonging" of the defendant.

SAME.—*Signing Indictment.—Deputy Prosecuting Attorney.*— Under sections 5568 and 5569, R. S. 1881, a prosecuting attorney is authorized to appoint a deputy, and such deputy is authorized to perform all the official duties of his principal, including the signing of an indictment.

SAME.—*Empanelling Grand Jury.—Recital in Indictment.—Record.*—Where it is shown by the record that the indictment was returned by the grand jury into open court, and the indictment itself recites that the grand jury were duly empanelled, charged and sworn, the empanelment of the grand jury is sufficiently shown to withstand a motion to quash the indictment.

SAME.—*Premises and Appurtenances.—Question of Fact.—Evidence.—Supreme Court.*—What constitutes the appurtenances of the premises of the defendant, who is charged with an unlawful sale of intoxicating liquor to be drunk on the premises, is a question of fact for the court or jury trying the cause, and where the evidence fairly authorizes and sustains the finding, it will not be disturbed by the Supreme Court.

From the Monroe Circuit Court.

*J. R. East, W. H. East* and *E. K. Millen,* for appellant.

*F. T. Hord,* Attorney General, and *J. E. Henley,* for the State.

HOWK, C. J.—In this case the appellant was indicted, tried and convicted for the alleged commission of one of the mis-

demeanors defined in section 5320, R. S. 1881. From the judgment of conviction he has appealed to this court, and has here assigned as errors the following decisions of the circuit court:

1. The overruling of his motion to quash the indictment; and,

2. The overruling of his motion for a new trial.

In the indictment it was charged that the appellant, on the 1st day of September, 1883, in Monroe county, Indiana, " did then and there unlawfully sell to one John Ward certain intoxicating malt liquor, to be drunk, and suffered to be drunk, in the house, out-house, yard, garden and the appurtenances thereto belonging, of the said Daniel A. Stout, where the same was sold, to wit, one quart of malt liquor, commonly called ' beer,' at and for the price of fifteen cents, he, the said Daniel A. Stout, not then and there having a license to sell such intoxicating liquors to be drunk, or suffered to be drunk, in his said house, out-house, yard, garden or the appurtenances thereto belonging, contrary to the form of the statute," etc.

The first objection to the indictment, urged in argument by appellant's counsel is that it is bad for duplicity. There is no duplicity in the indictment. It charges but one unlawful sale of intoxicating liquor, made to one person, at one time, for one price. The charge that the one quart of liquor, thus sold, was sold to be drunk, *and* suffered to be drunk, in the appellant's house, out-house, yard, garden *and* the appurtenances thereto belonging, does not make the indictment bad for duplicity. In *Stockwell* v. *State*, 85 Ind. 522, the offence was charged in substantially the same manner as in the case at bar, and it was there held that there was no error in overruling a motion to quash the indictment.

Another objection urged to the indictment in this case is that it is not signed by the prosecuting attorney. Upon this point the appellant's counsel say : " It is true, the indictment has a pretended signature attached to it, as follows : ' Henry C. Duncan, Prosecuting Attorney, by Jos. E. Henley, deputy.'

The statute requires the indictment to be signed by the prosecuting attorney. Sections 1669 and 1670, R. S. 1881." Counsel also say: "The prosecuting attorney is not authorized by law to sign an indictment by deputy." It is a sufficient answer to this objection to say that, in section 5568, R. S. 1881, it is provided that a prosecuting attorney may appoint a deputy; and section 5569 provides that such deputy may perform all the official duties of his principal. Therefore the indictment in this case was properly and legally signed.

Again, it is objected by the appellant's counsel that the record fails to show that the grand jury, who returned the indictment into court, were ever empanelled, and, therefore, it is claimed the motion to quash the indictment ought to have been sustained. Upon this point the showing in the record is as follows: "Come now the grand jury and return into open court the following indictments, numbered as follows, to wit: No. 15, being in the words and figures following, to wit." Then follows a copy of the indictment. After giving the venue and title of the cause, and the style and term of the court, the indictment proceeds as follows: "The grand jurors of Monroe county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to enquire into felonies and certain misdemeanors, in and for the body of said county of Monroe, in the name and by the authority of the State of Indiana, on their oath present," etc.

By these recitals in the record and indictment, it is sufficiently shown that the grand jury, who returned the indictment in this case, were duly and legally empanelled, when the question in regard to their empanelment is presented only by a motion to quash the indictment. In the recent case of *Powers* v. *State*, 87 Ind. 144, it was held by this court that where the record shows that the grand jury returned the indictment into open court, and the indictment itself states that the grand jury were duly empanelled, sworn and charged, the empanelling of the grand jury is sufficiently shown. This de-

cision is conclusive of the point under consideration, adversely to the appellant.

The motion to quash the indictment in this case was correctly overruled.

In appellant's motion for a new trial, the only causes assigned therefor were that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. It is earnestly insisted by the appellant's counsel that the evidence was wholly insufficient to sustain the finding of the trial court. The prosecuting witness, John Ward, testified, substantially, as follows: " On or about the 1st day of September, 1883, in company with Lewis Cole, I went to the saloon in which Stout keeps bar, and called for one quart of beer; defendant Stout handed me a quart bottle of beer, and I paid fifteen cents for it; I think, yes, I am certain, I paid for it; Stout gave me the beer, and also handed me two glasses to drink out of; he did not tell me where to drink the beer, or where not to drink it; but Stout must have seen Cole and myself go out the back door of the saloon; the back door opens into a room that was formerly used as a ten-pin alley; we proceeded along said alley for about twenty or thirty feet from the rear door of the saloon, and there drank the beer; there is where the boys usually drink that patronize the saloon in which Stout stays, and where I usually drank; where we drank was in the rear of the saloon, and about ten feet from the alley; I do not know who owned the ground north of the saloon; after drinking the beer I returned the bottle and glasses to Stout in the saloon; the beer was intoxicating, and the place where I bought the beer is in Monroe county and State of Indiana; it is usual for the boys to buy a bottle of beer and go out the back door in the ten-pin alley to drink the same; Patrick Fitzpatrick owned the saloon, and Stout was keeping bar and lived up-stairs over the saloon."

Appellant testified: " I sold John Ward the quart of beer, but did not see him drink it on the premises; he did not drink the beer in the saloon. I can not say whether he drank

it in the rear of the saloon or not.   I did not own the saloon, nor did I lease the building.   I was merely bartender for Fitzpatrick."

Patrick Fitzpatrick testified : "I am the owner of the saloon mentioned.   I leased the saloon building of James Kelley, and my leased premises only extended as far back as the door that opens into the ten-pin alley.   Back of said door for about twenty feet belongs to James Kelley, and still back of that, to the road-alley, belongs to William Burk.   I had no contract back further than the door leading from the saloon into the ten-pin alley.   I never authorized any one to drink out there, although people frequently drank there, and some did so that did not buy at my place."

The foregoing is all the material evidence given on the trial of this cause as the same appears in the bill of exceptions properly in the record.   Does this evidence fairly sustain the finding of the trial court?   Appellant's counsel insist that the evidence fails to sustain the charge in the indictment in the following particular : That it fails to show that the appellant sold the intoxicating liquor to be drunk or suffered to be drunk in his house, out-house, yard, garden, or the appurtenances thereto belonging.   Ward testified that the appellant did not tell him where to drink or where not to drink the intoxicating liquor.   Appellant furnished the quart of beer and two glasses to drink out of.   The plain inference from these facts is that appellant sold the liquor to be drunk in the saloon where sold.   But Ward had been there before, and when he got the beer and glasses he and Cole went out of the back door of the saloon to the place where the boys usually drank who patronized that saloon where the appellant stayed.   There can be no doubt that the appellant, under the evidence, had such a possessory property in the saloon and saloon building that if the jury believed therefrom that the beer was sold to be there drunk, the charge would have been fairly sustained by the evidence as to the appellant's ownership of the premises where sold.   It appeared

from the evidence, however, that after the sale was made John Ward and his companion, of their own volition, and not under the appellant's direction, went out through the back door of the saloon for about twenty or thirty feet, to the place where the boys usually drank who patronized that saloon, and there drank their beer. Is this fact sufficient to show that the court erred in finding the appellant guilty or in refusing him a new trial?

We are of opinion that this question ought to be and must be answered in the negative. The case at bar is clearly distinguishable from *O'Connor* v. *State*, 45 Ind. 347; for here the appellant furnished glasses for Ward and his companion to drink the beer, and when they had drunk the beer a few feet away from the back door of the saloon they returned to him in his saloon the empty bottle and the borrowed glasses. The facts of this case, as shown by the evidence, are very similar to the facts stated in the opinion of the court in *Stockwell* v. *State, supra*. In discussing the evidence in the case cited the court said : " The inference from the evidence inevitably was, that the platform and steps were appurtenances to the room in which the beer was sold, and it seems to us that the only question of any difficulty for the court to decide was, whether the beer was drunk upon the steps with the consent of the appellant." In the case in hand, it seems clear to us, that the trial court was fully authorized and justified by the evidence in finding that the place where the boys usually drank, who patronized appellant's saloon, was a part of the appurtenances of such saloon; and that the appellant unlawfully sold the beer, as charged in the indictment, to be drunk and suffered to be drunk in such appurtenances of his saloon.

Our conclusion is that the motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed Jan. 26, 1884.