TELESFERO TRAVINIO v. THE STATE.

No. 6972.   Decided May 10, 1922.

Rehearing Denied June 23, 1922.

1.—Intoxicating Liquors—Sale—Indictment—Words and Phrases.

Where the indictment alleged that the defendant, in the county of the prosecution, etc., did then and there unlawfully sell one bottle of spirituous, vinous, and intoxicating liquor, capable of producing intoxication, to one Vernon Cochran, against the peace and dignity of the State, the indictment was sufficient, and the criticism that the words "spirituous, vinous, and intoxicating liquor," do not specifically describe the offense is untenable. Following Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 516.

2.—Same—Intoxicating Liquor—Vinous Liquor—Indictment.

Whether the liquor sold be spirituous, vinous, or malt, it still comes within the general definition of intoxicating liquor and the motion to quash the indictment was correctly overruled.

3.—Same—Negative Exceptions—Indictment.

Under the former law, the law required that the indictment negative the exception. However, since the amendment of the statute, Chapter 61, Acts 37th Legislature, this is not necessary.

4.—Same—Rehearing—Duplicitous Pleading.

Appellant's contention, in his motion for rehearing, that the indictment charges more than one offense, is untenable, as that portion of Section 1, Chapter 61, Acts of Thirty-seventh Legislature, now under consideration, denounces the sale of intoxicants as an offense, whether it be committed by selling spirituous, vinous, or malt liquors, or medicated bitters, capable of producing intoxicating, or a mixture of any two or more of them.

Appeal from the District Court of Kerr.   Tried below before the Honorable R. H. Burney.

Appeal from a conviction of selling intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

W. C. Baker, for appellant.—Cited: Ferguson v. State, 189 S. W. Rep., 273; Green v. State, 147 id., 597, and cases cited in opinion.

R. G. Storey, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for two years.

The record is before us without statement of facts or bill of exceptions.

Appellant filed a motion to quash the indictment, which was over-ruled, and in the motion for new trial, he complains of the action of the court in so doing.

Omitting the formal parts, the indictment reads thus:

". . . in the County of Kerr and State of Texas, did then and there unlawfully sell one bottle of spirituous, vinous and intoxicating liquor capable of producing intoxication, to one Vernon Cochran, against the peace and dignity of the State."

The criticisms present the idea that the words "spirituous, vinous and intoxicating liquor" do not specifically describe the offense, that is, do not inform the appellant of the nature of the intoxicating liquor with the sale of which he is charged. The statute upon which the prosecution is founded declares that "it shall be unlawful for any person, directly or indirectly, to sell spirituous, vinous, or malt liquor, or medicated bitters capable of producing intoxication, or any other intoxicant whatever." (See Acts of the 37th Leg., Chap. 61, Sec. 1, 1st Called Session).

The indictment follows the language of the statute, which, speaking generally, is sufficient, (Branch's Ann. Tex. Penal Code, Sec. 494) though if the averments are descriptive of the offense, they must be proved as laid. Branch's Ann. Tex. Penal Code, Sec. 498; also Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 515.

"Where several ways by which an offense may be committed are set forth in the same statute, and they are embraced in the same general definition and are punishable in the same manner and to the same extent, and are not repugnant to each other, they are not distinct offenses but different phases of the same offense, and may be charged conjunctively in the same count."

Branch's Ann. Tex. Penal Code, Sec. 508, and cases there collated.

Apparently, this principle obtains in the instant case. The offense denounced by the statute is the unlawful sale of intoxicating liquor. Whether the liquor sold be spirituous, vinous, or malt, it still comes within the general definition of sale of intoxicating liquor. A very full discussion of the authorities upon this subject will be found in Todd's case, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 517, in which it was held that under Chap. 78 of the Acts of the Thirty-sixth Legislature, 2nd Called Session, an indictment was duplicitous which charged that the accused did receive, transport, export, deliver, solicit, take orders for and to furnish spirituous, vinous, or intoxicating liquors, each of these being distinct offenses as contradistinguished from different methods of committing the same offense. In our judgment, the indictment in the instant case was not obnoxious to the rule against duplicity. The facts not being before us, we must, in support of the judgment, presume that they correspond with the averments.

Another point made against the indictment is that it did not negative the exceptions. Under Chapter 78, supra, certain exceptions

were embraced within the definition of the offense. In an indictment drawn under that statute, the law required that the exceptions be negatived. Robert v. State, 90 Texas Crim. Rep., 133, 188, 234 S. W. Rep., 89. The statute was amended, however, being embraced in Chap. 61, supra, Acts of the Thirty-seventh Legislature. The exceptions there are not in the definition, but are in a separate subdivision of the statute rendering it unnecessary to negative them in the indictment.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 23, 1922.

HAWKINS, JUDGE.—Appellant most respectfully but persuasively argues that we were wrong in holding that the indictment charges only one offense, and was therefor not duplicitous. We still believe the law is against him on his contention. From the 23 Vol. Cyc. at page 228, sub. c. we quote:

"In an indictment for an unlawful sale of liquor, in the description of the article sold, it will generally be sufficient to follow the language of the statute on which the prosecution is founded. And if the statute prohibits the sale of several enumerated kinds of liquor, in the disjunctive, the indictment may properly alleged the sale of each and all of them conjunctively."

Many cases are cited supporting the proposition. From Jones v. Commonwealth, 104 Ky., 468, 47 S. W. Rep., 328, we quote:

"The indictment charges that the defendant sold spirituous, vinous, and malt liquors in Hart County, etc. It is contended that it charges three offenses, because it charges that the appellant sold spirituous, vinous, and malt liquors. It is also claimed that they are three offenses that cannot be united, because of the provisions of sections 126 and 127 of the Criminal Code of Practice. Without going into a discussion of the question as to whether or not, as an original question, this court should have given an interpretation to the sections of the Code, as insisted by counsel for appellant, it is sufficient to say that this court in hundreds of cases has treated and regarded as valid indictments charging defendants with having sold spirituous, vinous, and malt liquors. The court therefore regards the question raised by counsel as settled adversely to his contention."

In Kreamer v. State, 106 Indiana, 193, the defendant was charged with having sold to a minor "intoxicating, spirituous, vinous and malt liquors." The court there said:

"Appellant's learned counsel very earnestly insist in their brief of this cause, that the indictment, the substance of which we have heretofore given, is bad for duplicity, in this, that it charges in a single count the unlawful sale of spirituous, vinous, malt and intoxi-

cating liquors. The indictment is badly constructed, and, on that score, is justly subject to criticism, but we do not think it can be correctly charged with duplicity, in the proper sense of that term as applied to an indictment or other pleading. It charges a single sale to one person only, for one price, of a number of commodities, the unlawful sale of either of which commodities would, under the statute, constitute a public offence. In other words, the indictment charges appellant with only one public offence, punishable with only one punishment. In the recent cases of Davis v. State, 100 Ind., 154, and Fahnestock v. State, 102 Ind., 156, we have held, and correctly so, we think, that such an indictment is not bad for duplicity. See, also, Stockwell v. State, 85 Ind., 522; Stout v. State, 93 Ind., 150; Stout v. State, 96 Ind., 407.''

In The State v. Whitted, 3 Alabama, 102, accused was charged with selling ''spirituous liquors, to-wit, rum, brandy, whisky and gin.'' It was urged that the indictment charged four distinct offenses. Judge Goldthwaite dismisses it rather summarily in the following language:

''The form pursued in this indictment, has been in use from the first organization of the State, and therefore, it is not improbable that this precise question has been made and decided upon every circuit in South Alabama, for the last twenty years; but notwithstanding the universality of this precedent, we are now called on to decide it as a novel and difficult question.

On the merits of the question referred, it may be said that the selling of any of the liquors named, would be an offence; but there is no more reason why an offender should be indicted separately for each, than there would to charge a thief, who had stolen a suit of clothes, in separate counts for the coat, waistcoat, etc.''

To the same effect are the many other cases cited under the quotation from Cyc. As persuasive of the correctness of the holding we may cite our own Criminal Code, condemning sale of intoxicants to minors, and against permitting it to be drunk on premises where sold, and many other statutes in effect prior to the adoption of the present law, where the approved forms for indictments as given by White and Wilson follow the form used in the instant case without ever having been questioned so far as we have found. That portion of Sec. 1, Chap. 61 of the Acts of the Thirty-seventh Legislature now under consideration denounced the sale of intoxicants as an offense, whether it be committed by selling spirituous, vinous or malt liquor, or medicated bitters capable of producing intoxication, or a mixture of any two or more of them.

The motion for rehearing will be overruled.

*Overruled.*