**Grand jury ⬅8—Selection in manner other than that provided by statute illegal.**

A grand jury, not selected by a jury commission appointed and acting at the preceding term, as provided by Code Cr. Proc. 1911, tit. 7, c. 1, or by direction of the court to the sheriff on the first day of the term to summon grand jurors, as provided by article 399, is illegally organized.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

M. S. Saulter, alias G. J. Holt, alias G. J. Haskell, was convicted of forgery, and he appeals. Reversed and dismissed.

Davenport & Thornton, of Wichita Falls, for appellant.

W. A. Keeling, Atty. Gen., and C. L. Stone and R. G. Storey, Asst. Attys. Gen., for the State.

LATTIMORE, J.  This conviction was for forgery in the district court of Wichita county, with punishment of five years in the penitentiary affixed.

The indictment herein was returned by a grand jury, which was selected according to neither method provided by chapter 1, title 7, of our Code of Criminal Procedure, but in apparent disregard of the plain direction of said statute. A motion to quash, based on said ground, was overruled. The matter is fully discussed in Russell v. State (No. 6923) 242 S. W. 240, this day decided.

For the reasons given in the Russell Case, we are of opinion the trial court erred in overruling the motion to quash the indictment, and that same necessitates a reversal and dismissal of this case; and it is so ordered.

═══════

## TREVINIO v. STATE.  (No. 6972.)

(Court of Criminal Appeals of Texas.  May 10, 1922.  Rehearing Denied June 23, 1922.)

**1. Indictment and information ⬅110(31), 125 (31)—Indictment alleging sale of spirituous, vinous, and intoxicating liquor in statutory language held sufficient, and not duplicitous.**

An indictment alleging the sale of one bottle spirituous, vinous, and intoxicating liquor capable of producing intoxication to a named person, follows the language of Acts 37th Leg. 1st Called Sess. (1921) c. 61, § 1 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼) defining the offense, is sufficient, and not duplicitous.

**2. Indictment and information ⬅110(3), 171 —Indictment following language of statute sufficient; descriptive averments must be proved as laid.**

Generally speaking, an indictment following the language of the statute defining the crime is sufficient, though, if the averments are descriptive of the offense, they must be proved as laid.

**3. Indictment and information ⬅125(19)— Different ways by which same offense can be committed may be charged conjunctively in one count.**

Where several ways by which an offense may be committed are set forth in the same statutory definition, are punishable alike, and are not repugnant to each other, they are not distinct offenses, but different phases of the same offense, and may be charged conjunctively in one count.

───────────────────────────────────────────

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Criminal law ⚷⚌1144(13)—Facts not before court presumed to correspond with averments.**

In support of the judgment, the facts not before the appellate court are presumed to correspond with the averments.

**5. Intoxicating liquors ⚷⚌222—Exceptions to prohibition law need not be negatived in indictment.**

Since the passing of Acts 37th Leg. 1st Called Sess. (1921) c. 61, amending Acts 36th Leg. 2d Called Sess. (1919) c. 78 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), the exceptions to the prohibition law need no longer be negatived in the indictment.

Appeal from District Court, Kerr County; R. H. Burney, Judge.

Telesfero Trevinio was convicted of unlawfully selling intoxicating liquor, and he appeals. Affirmed.

W. C. Baker, of Kerrville, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for two years. The record is before us without statement of facts or bill of exceptions.

[1] Appellant filed a motion to quash the indictment, which was overruled, and in the motion for new trial he complains of the action of the court in so doing. Omitting the formal parts, the indictment reads thus:

"* * * In the county of Kerr and state of Texas, did then and there unlawfully sell one bottle of spirituous, vinous, and intoxicating liquor capable of producing intoxication to one Vernon Cochran, against the peace and dignity of the state."

The criticisms present the idea that the words "spirituous, vinous, and intoxicating liquor" do not specifically describe the offense—that is, do not inform the appellant of the nature of the intoxicating liquor with the sale of which he is charged. The statute upon which the prosecution is founded declares that—

"It shall be unlawful for any person, directly or indirectly, to sell spirituous, vinous, or malt liquor, or medicated bitters capable of producing intoxication, or any other intoxicant whatever."

See Acts of the 37th Leg. 1st Called Sess. c. 61, § 1 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼).

[2, 3] The indictment follows the language of the statute, which, speaking generally is sufficient (Branch's Ann. Tex. Penal Code, § 494), though, if the averments are descriptive of the offense, they must be proved as laid (Branch's Ann. Tex. Penal Code, § 498; also Todd v. State, 89 Tex. Cr. R. 99, 229 S. W. 515).

"Where several ways by which an offense may be committed are set forth in the same statute, and they are embraced in the same general definition and are punishable in the same manner and to the same extent, and are not repugnant to each other, they are not distinct offenses but different phases of the same offense, and may be charged conjunctively in the same count."

See Branch's Ann. Tex. Penal Code, § 508, and cases there collated.

[4] Apparently this principle obtains in the instant case. The offense denounced by the statute is the unlawful sale of intoxicating liquor. Whether the liquor sold be spirituous, vinous, or malt, it still comes within the general definition of sale of intoxicating liquor. A very full discussion of the authorities upon this subject will be found in Todd's Case (Tex. Cr. App.) 229 S. W. 517, in which it was held that under chapter 78 of the Acts of the 36th Leg. 2d Called Session (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), an indictment was duplicitous which charged that the accused did receive, transport, export, deliver, solicit, take orders for and to furnish spirituous, vinous, or intoxicating liquors, each of these being distinct offenses, as contradistinguished from different methods of committing the same offense. In our judgment, the indictment in the instant case was not obnoxious to the rule against duplicity. The facts not being before us, we must, in support of the judgment, presume that they corresponded with the averments.

[5] Another point made against the indictment is that it did not negative the exceptions. Under chapter 78, supra, certain exceptions were embraced within the definition of the offense. In an indictment drawn under that statute, the law required that the exceptions be negatived. Robert v. State (Tex. Cr. App.) 234 S. W. 89. The statute was amended, however, being embraced in chapter 61, supra, Acts of the 37th Leg. The exceptions there are not in the definition, but are in a separate subdivision of the statute, rendering it unnecessary to negative them in the indictment.

The judgment is affirmed.

## On Motion for Rehearing.

HAWKINS, J. Appellant most respectfully, but persuasively, argues that we were wrong in holding that the indictment charges only one offense, and was therefore not duplicitous. We still believe the law is against him on his contention. From 23 Cyc. at page 228, subd. (c), we quote:

"In an indictment for an unlawful sale of liquor, in the description of the article sold, it will generally be sufficient to follow the language of the statute on which the prosecution

is founded; and if the statute prohibits the sale of several enumerated kinds of liquor, in the disjunctive, the indictment may properly allege the sale of each and all of them conjunctively."

Many cases are cited supporting the proposition. From Jones v. Commonwealth, 104 Ky. 468, 47 S. W. 328, we quote:

"The indictment charges that the defendant sold spirituous, vinous, and malt liquors in Hart county, etc. It is contended that it charges three offenses, because it charges that the appellant sold spirituous, vinous, and malt liquors. It is also claimed that they are three offenses that cannot be united, because of the provisions of sections 126 and 127 of the Criminal Code of Practice. Without going into a discussion of the question as to whether or not, as an original question, this court should have given an interpretation to the sections of the Code, as insisted by counsel for appellant, it is sufficient to say that this court in hundreds of cases has treated and regarded as valid indictments charging defendants with having sold spirituous, vinous, and malt liquors. The court therefore regards the question raised by counsel as settled adversely to his contention."

In Kreamer v. State, 106 Ind. 193, 6 N. E. 341, the defendant was charged with having sold to a minor "intoxicating, spirituous, vinous, and malt liquors." The court there said:

"Appellant's learned counsel very earnestly insist in their brief of this cause that the indictment, the substance of which we have heretofore given, is bad for duplicity, in this: That it charges in a single count the unlawful sale of spirituous, vinous, malt, and intoxicating liquors. The indictment is badly constructed, and, on that score, it justly subject to criticism; but we do not think it can be correctly charged with duplicity, in the proper sense of that term, as applied to an indictment or other pleading. It charges a single sale to one person only, for one price, of a number of commodities, the unlawful sale of either one of which commodities would, under the statute, constitute a public offense. In other words, the indictment charges appellant with only one public offense, punishable with only one punishment. In the recent cases of Davis v. State, 100 Ind. 154, and Fahnestock v. State, 102 Ind. 156, we have held, and correctly so, we think, that such an indictment is not bad for duplicity. See, also, Stockwell v. State, 85 Ind. 522; Stout v. State, 93 Ind. 150; Stout v. State, 96 Ind. 407."

In State v. Whitted, 3 Ala. 102, accused was charged with selling "spirituous liquors, to wit, rum, brandy, whisky, and gin." It was urged that the indictment charged four distinct offenses. Judge Goldthwaite dismisses it rather summarily in the following language:

"The form pursued in this indictment has been in use from the first organization of the state, and therefore it is not improbable that this precise question has been made and decided upon every circuit in South Alabama for the last 20 years; but, notwithstanding the universality of this precedent, we are now called on to decide it as a novel and difficult question. On the merits of the question referred, it may be said that the selling of any of the liquors named would be an offense; but there is no more reason why an offender should be indicted separately for each than there would to charge a thief, who had stolen a suit of clothes, in separate counts for the coat, waistcoat, etc."

To the same effect are the many other cases cited under the quotation from Cyc. As persuasive of the correctness of the holding, we may cite our own Criminal Code, condemning sale of intoxicants to minors, and against permitting it to be drunk on premises where sold, and many other statutes in effect prior to the adoption of the present law, where the approved forms for indictments as given by White & Wilson follow the form used in the instant case, without ever having been questioned, so far as we have found. That portion of section 1, chapter 61, of the Acts of the 37th Legislature, now under consideration, denounced the sale of intoxicants as an offense, whether it be committed by selling spirituous, vinous, or malt liquor, or medicated bitters capable of producing intoxication, or a mixture of any two or more of them.

The motion for rehearing will be overruled.