## J. D. MAYABB, ALIAS "DAD," v. THE STATE.

### No. 7799.   Decided June 13, 1923.

### Rehearing denied October 31, 1923.

**1.—Selling Intoxicating Liquor—Indictment.**

Where the indictment alleged that defendant sold spirituous, vinous and intoxicating liquor and malt liquor and medicated bitters capable of producing intoxication, the same is sufficient.   Following Travino v. State, 92 Texas Crim. Rep., 140, and other cases.

**2.—Same—Evidence—Tasting Liquor—Bills of Exception.**

A bill of exceptions complaining of the testimony of witnesses who tasted the liquor, which failed to set out the objections urged by the accused, will not be considered on appeal, and the evidence being sufficient to support the conviction, there is no error

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Baskett & DeLee,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor; punishment, one year in the penitentiary.

The indictment alleges that appellant sold "spirituous, vinous and intoxicating liquor, and malt liquor, and medicated bitters capable of producing intoxication."   The indictment is attacked as being vague and indefinite in that it fails to particularize the kind of liquor sold.   Similar indictments have been upheld.   Travino v. State, 92 Texas Crim. Rep., 140, 242 S. W. Rep., 242; Travinio v. State, 92 Texas Crim. Rep., 140, 247 S. W. Rep., 872; Tucker v. State, 94 Texas Crim. Rep., 119, (No. 7575, opinion June 6th, 1923).

Two witnesses testified that they tasted the liquor sold by appellant and that it was whisky.   Appellant objected to this testimony. The bills of exception state that the objection was urged because it called for a conclusion and an opinion, and the witnesses had not shown themselves qualified to give an opinion.   The court, however, qualifies the bills by stating that appellant merely objected without stating . any reason whatever.   We are bound by the qualification. A bill of exceptions does not ordinarily present a question for

review if it fails to set forth the objections urged by accused. (For collation of authorities see Branch's Ann. P. C., Section 208; Vernon's Ann. Code Crim. Proc., Art. 744, Note 29, page 543.) For further observations upon the question we refer to our opinion in Cathey v. State, 94 Texas Crim. Rep., 599, No. 7794, this day decided, and to the authorities therein cited:

The evidence being sufficient to support the verdict and judgment, and finding no error calling for a reversal, the judgment is affirmed.

*Affirmed.*

[Rehearing denied October, 1923. Reporter.]