KID SIMMONS V. THE STATE.

No· 9353.   Delivered November 8, 1925.

Rehearing denied February 10, 1926.

1.—Manufacturing Intoxicating Liquor—Indictment—Held, Sufficient.

Where an indictment alleges that the appellant did unlawfully manufacture spirituous, vinous and malt liquor then and there capable of producing intoxication, such indictment is sufficient.  It was proper to charge the elements of the offense conjunctively in the indictment, and it was sufficient under such indictment to show that he had manufactured either spirituous, vinous or malt liquor.  Following Billings v. State, 271 S. W. 607.

2.—Same—Evidence—Defensive Issue—Burden on Appellant.

Where, on a trial for manufacturing intoxicating liquor, such issue not having been raised by evidence of the appellant, the state is not required to allege nor prove that the liquor is not manufactured under and by virtue of a permit from the state.

3.—Same—Evidence—Held, Sufficient.

Where appellant testifies that the liquor which he was manufacturing was being manufactured for medicinal purposes, even though his testimony may be uncontradicted by direct evidence, it is the province of the jury to pass on the matter, and where all the facts and circumstances given in evidence would fairly warrant the jury in concluding that the whiskey was in truth being manufactured for sale, this court is without authority to disturb their verdict.

ON REHEARING.

4.—Same—Charge of Court—Medicinal Purposes—Properly Submitted.

Where appellant testifies that he was manufacturing the liquor for medicinal purposes it is the duty of the court to submit this defense affirmatively in his charge, and when so submitted, as it was in this case, and decided by the jury against appellant, this verdict will not be disturbed by us, when supported by evidence aside from that of appellant.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

·Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Simpson, Lassiter & Simpson* of Tyler, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Smith County for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

Appellant sought to quash the indictment because it appears from the face thereof that the defendant is charged with the unlawful manufacture of spirituous, vinous and malt liquor then and there capable of producing intoxication; and the defendant urges that there is no such offense on the statute books and that the only offense thereon is the offense of manufacturing spirituous, vinous and malt liquor, in other words, it is the contention of the appellant that as the statute charges the offense disjunctively it is error for the indictment to charge it conjunctively. This contention cannot be sustained. On the contrary, it was proper in this case to charge the elements of the offense conjunctively in the indictment, and it was sufficient under such indictment to show that he had manufactured either spirituous, vinous or malt liquor. Billings v. State, 271 S. W. 607.

Appellant contends that as it is not shown that defendant was not manufacturing the liquor under and by virtue of a permit to manufacture same from the comptroller of the State of Texas, and it not having been shown that he was not manufacturing the same under a permit given by the Comptroller under the laws of this state, that the jury should have been instructed to presume that he had such permit and had a right to manufacture said liquor. This contention cannot be sustained. Under our statutes and decisions, the state is not required to either allege or prove that liquor is not manufactured under and by virtue of a permit from the state.

Appellant seriously contends that the facts are insufficient to support the verdict, and that all the testimony showed that the appellant was manufacturing said liquor for medicinal purposes. Appellant's counsel make a strong and ingenious argument favorable to this contention. While it is true that the appellant testified that he was manufacturing this liquor for the purpose of using it in liniment and other concoctions, which he used in an effort to cure ailments in his community, and while there was no direct testimony contradicting his statement, yet, we are not prepared to hold that the circumstances were not entirely sufficient to overcome his testimony. Indeed,

it has become the established rule in Texas that a jury is not forced to accept the undisputed testimony of an appellant in his own behalf or that of an interested witness, but aside from this rule, we think it clear from the testimony in this case, and especially from the testimony of the appellant himself given on cross-examination that the jury was clearly warranted in finding that the liquor was not manufactured for medicinal purposes. As supporting this conclusion, we call attention to the fact that the officers found at appellant's place some whiskey, a gallon jug of wine, a fifteen or twenty-gallon copper still, a cooling trough, a worm and a fifty-gallon lard can full of corn meal mash with sugar and water added. The whiskey found had been colored with coloring matter; in addition to this there were found quite a number of bottles and fruit jars about the place, some of which indicated that they had contained whiskey.

Appellant made a voluntary statement to the county attorney in which he admitted manufacturing liquor but failed to make any reference to the claim that he was manufacturing it for medicinal purposes. Appellant on the other hand claimed that he wanted this whiskey for the purpose of making liniment to cure "rheumatiz." He admitted that he had whiskey down in a store where Mr. Hambrick worked. On cross-examination, he admitted that he had been practicing medicine something like thirty-five years and that he had been using this recipe that required whiskey for something like fourteen years and that it was the same recipe that he had used for something like fourteen or fifteen years, but failed to explain why he had only been making whiskey to use in this recipe for about four or five months before he was arrested, and also failed to explain why it was necessary to color his whiskey in order to use it for medicinal purposes. He also failed to make any reasonable explanation as to why he ran when the officers came down there to search his place. He was also unable to name more than three persons that he had treated with any liniment for the past year and a half or two years.

Under this condition of the record, we think the jury was probably warranted in believing that he at least manufactured quite a bit more whiskey than was required for medicinal purposes, and that at least such surplusage was manufactured for sale.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has ben examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In appellant's motion he refers us to Horak v. State, 95 Tex. Crim. Rep. 474, 255 S. W. 191, as being in conflict with the conclusions announced in our original opinion. We do not understand any conflict exists. Horak's case was reversed for a failure to submit the defensive issue of manufacture for medicinal purposes. That issue was properly submitted here. The motion contains a persuasive argument upon the facts and we are urged to hold that under the evidence the jury was not warranted in finding against appellant's claim that he was making the whiskey for medicinal purposes. Doubtless able attorneys who represented accused presented the same arguments to the jury without avail. In view of the motion we have again carefully examined the evidence and have been unable to reach a different conclusion than already announced. The facts warranted the jury in believing that while the officers were searching in one part of the house appellant removed the still from the kitchen and secreted it under some brush where it was found with the contents yet hot. This, together with other circumstances shown, could fairly be construed by the jury to be inconsistent with the innocent purpose claimed by appellant on the trial.

The controverted issue appears to be one peculiarly within the jury's province to solve. Having the benefit of all the evidence, and after seeing the witnesses and hearing them testify they settled the matter against appellant. We think their verdict must stand.

The motion for rehearing is overruled.

*Overruled.*