## Magnus Walker v. The State.

No. 12684.   Delivered October 30, 1929.
Rehearing denied December 4, 1929.

The opinion states the case.

*De Witt Bowmer* of Temple, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year.

Witness Willie Hutchison received from officers two one dollar bills which had been marked.   Accompanied by Jack Johnson he went to the house of appellant and there purchased from him a pint of whiskey, giving him therefor the two marked bills and receiving fifty cents in change.   In a little while the officers arrested appellant and found on him the marked money.

The indictment charges the unlawful sale to said witness of "spirituous, vinous and malt liquors."   Appellant contends that there is a variance between the allegation and proof since the indictment describes the liquor as spirituous, vinous and malt, whereas the proof shows that same was spirituous.   In an ingenious brief appellant presents the point that the words "spirituous, vinous and malt" are descriptive and must be proven as alleged and that such an allegation demanded proof of a concoction of all three of the liquors mentioned, whereas the proof showed only one of these.   Indictments in the same language have been many times held sufficient.   Dis-

cussing such an indictment in the case of Travinio v. State, 92 Tex. Crim. Rep. 140, the Court quotes with approval the following language:

"Where several ways by which an offense may be committed are set forth in the same statute, and they are embraced in the same general definition and are punishable in the same manner and to the same extent, and are not repugnant to each other, they are not distinct offenses but different phases of the same offense, and may be charged conjunctively in the same count."

Again in Stephenson v. State, 103 Tex. Crim. Rep. 381, Presiding Judge Morrow makes the following statement:

"The evidence * * * shows that the 'beer' was intoxicating. It is urged that this is insufficient in that it fails to show the liquid to be spirituous, vinous and malt liquor. The indictment charged that the appellant possessed for the purpose of sale spirituous, vinous and malt and intoxicating liquor capable of producing intoxication, The precedents are contrary to the contention of the appellant."

While it may be that the question has not been presented before in the precise way we find it here, we think the above cases and the reasoning of the following support our conclusion that there was no variance as claimed by appellant. Roijas v. State, 102 Tex. Crim. Rep. 460; Mayabb v. State, 95 Tex. Crim. Rep. 549; Billings v. State, 99 Tex. Crim. Rep. 653; Simmons v. State, 103 Tex. Crim. Rep. 175.

Appellant also presents as error the Court's action in permitting the State's witness Jack Johnson to testify that appellant "ran off with my wife and cut me up." The record shows that appellant had previously asked Willie Hutchison if Jack Johnson wasn't mad at appellant. We deem it unnecessary to decide whether or not appellant thus went into this matter far enough to justify the State in going further and showing the reason for this ill feeling on the part of Johnson towards appellant, since we have concluded that the error, if any, was harmless. The appellant offered no testimony. No defense was made to the charge further than what may be said to arise from a lack of trustworthiness of the State's witnesses. The matter under discussion could not have affected the penalty because appellant received the lowest one possible. Nor do we believe that it could in any manner have affected whatever defense, if any, was interposed because it tended rather to furnish a motive for falsifying on the part of the witness Johnson. If Johnson was mad at appellant because of his improper conduct, this furnished some ground

for argument that his testimony was fabricated for purposes of revenge. Considering the record as a whole, we believe that the alleged improper testimony could not be said to be of that damaging character under the facts of this case as would demand a reversal. We regard the evidence of guilt as amply sufficient.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant argues very convincingly and cogently that we misapprehended the record as evidenced by a little statement in the opinion. We might concede for argument that the statement referred to was inaccurate, but it appears to be of a matter of so little moment as not to call for a discussion, and certainly not for the granting of a rehearing. The testimony in the record, all from witnesses for the State, appears to make out beyond question the guilt of the appellant, and the jury gave to appellant the lowest penalty allowed by law for the offense.

The motion for rehearing will be overruled.

*Overruled.*