HATTIE MARSHBURN v. THE STATE.

No. 13180.   Delivered March 26, 1930.
Rehearing denied May 21, 1930.
Reported in 28 S. W. (2d) 135.

The opinion states the case.

*W. B. Lea* of Marshall, for appellant.

*John E. Taylor,* County Attorney and *Benjamin Woodall,* Assistant County Attorney, both of Marshall and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

The indictment charges that the appellant "did then and there unlawfully possess for the purpose of sale spirituous, vinous and malt liquor capable of producing intoxication."   The court instructed the jury in the language of the indictment.   Appellant takes the position that the charge is wrong in that there was no evidence

showing the possession of vinous liquor and no testimony that at the time of her arrest she possessed malt liquor capable of producing intoxication. There was no evidence that she possessed vinous liquor nor was it shown that the homebrew in her possession was intoxicating. The sufficiency of the indictment was upheld in the case of Mayabb v. State, 95 Tex. Cr. R. 549; also in Travinio v. State, 92 Tex. Cr. R. 140; Tucker v. State, 94 Tex. Cr. R. 119; Trevinio v. State, 247 S. W. 872. There was evidence definitely showing that whiskey was possessed and sold by the appellant. This she denied. The facts in the case of White v. State, 15 S. W. (2d) 23, are quite different from those in the instant case. In White's case, supra, there was an attempt on the part of the State to hold White as a principal in the unlawful act of Delaney. Moreover, the charge discussed in that case is quite different from that at present under consideration. The case of Blanks v. State, 286 S. W. 1092, to which the appellant refers, contains the following:

"Appellant also contends that the evidence is insufficient because the indictment alleges that he sold spirituous, vinous, and malt liquor, and, as the evidence showed that he sold whiskey, this would not meet the allegations in the indictment. This contention cannot be sustained. The authorities are so numerous to the contrary as to make it unnecessary if not indeed useless to again collate them."

Of the fact that whiskey is an intoxicating liquor this court has judicial knowledge; also that it is a spirituous liquor. That the court included in his charge the terms "vinous and malt liquors" cannot be regarded as an error which would vitiate the verdict. Appellant cites Billing v. State, 271 S. W. 607; Simmons v. State, 279 S. W. 831; Trevinio v. State, 242 S. W. 242; Riojas v. State, 277 S. W. 696; Stephenson v. State, 280 S. W. 782. The effect of the decisions mentioned is to uphold the sufficiency of the indictment in the present instance. None of them, so far as we are able to comprehend, support the appellant's contention that under the facts of the present case, including all of them, the instructions given the jury would require or authorize a reversal of the judgment. Inclusion in the charge of the words "vinous and malt liquors," under the evidence, was controlled by Art. 666, C. C. P., 1925, relating to harmless error. See Vernon's Ann. C. C. P., 1925, Vol. 2, p. 294; Maier v. State, 90 Tex. Cr. R. 459; McDaniel v. State, 90 Tex. Cr. R. 636; Knight v. State, 103 Tex. Crim. Rep. 383.

After the appellant was arrested and as she started to jail, she possessed a pillow in which a butcher knife was hidden. The dis-

closure of this upon the trial is complained of as reversible error. The trial court states that the finding of the knife was res gestae of the offense. Whether so or not, there was no enhancement of the penalty, which was the minimum, and the evidence is quite sufficient to support the conviction. The appellant in her testimony denied her guilt and claimed that the prosecuting witness was the offender. The issue between them was settled by the verdict of the jury in favor of the State. Because of its form, we think the bill does not require consideration. However, it has been discussed.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is axiomatic that the court's instructions to the jury should conform not only to the allegations in the indictment, but also to the evidence. Conceding that under this ruling the court was in error in submitting whether appellant was in possession of vinous and malt liquors for the purpose of sale, we think in view of Art. 666, C. C. P., it by no means follows that a reversal must result. Lee v. State, 97 Tex. Cr. R. 240, 260 S. W. 194 is nearer in point of fact to the case at bar than any other we have discovered.

It is called to our attention that the objection now being urged to the charge was not raised at the time of trial by written objections as required by Art. 658, C. C. P., but was for the first time complained of on the motion for new trial. This was too late. (See Note 60, under Art. 666, Vernon's Tex. C. C. P., Vol. 2.) We have again carefully examined the facts and are confirmed in our views that the error in the charge could not have resulted in injury to appellant.

The motion for rehearing is overruled.

*Overruled.*