JOE TRAHAN v. THE STATE.

No. 13939.   Delivered January 26, 1931.

The opinion states the case.

*Dies, Stephenson & Dies,* of Orange, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for two years.

Five barrels of mash, ten or twelve gallon bottles of liquor, one barrel with a brass coil in it, and a still of forty or fifty gallon capacity were found upon the premises of the appellant. He was not at the still at the time the raid was made, but, according to the witnesses, he had been there a few minutes before and was near the place at the time. Appellant made a confession which was introduced in evidence against him. In it he said that he was guilty of making the whisky; that he could not get work and thought it was better to make whisky than to steal; that when he got a job he would get a fit and could not hold the job; that he had to make a living in some way and began to make whisky.

Testimony was introduced in behalf of the appellant tending to raise the issue of insanity. His brother testified that the appellant was affected with fits; that when relief came he was absent-minded for three or four days following. The witness said he remembered when the officers searched the appellant's premises on March 20th; that the appellant had had fits just the day before; that he would generally have fits for two or three days at a time. From the witness' testimony we quote:

"If he hasn't got fits you can use him for maybe a month or two. Yes, he has got sense enough to do most anything. You have to tell him most of the time what to do. * * * I know he was absent-minded because he could not remember anything that you told him. I don't think he knew right from wrong that time. * * * Sometimes he was having those fits pretty regularly. Sometimes he would have them for a week at a time, and sometimes three or four times in the daytime and three or four times at night. I don't think he knew at that time that it would be wrong to manufacture, * * * and I don't think he thought it was wrong to have whisky in his house. * * * I don't think his mind was in such a condition that he knew the right or wrong of the transaction."

An uncle of the appellant was insane and died while insane. The appellant's malady was epileptic fits which he had had since he was eighteen years of age.

Another witness, Guidry, testified that from his observations of the appellant, he would express the opinion that the appellant was of unsound mind; that he had known him and his brother for several years; that

he had heard that the appellant had fits but was never present when he had one. The witness would express no opinion as to whether the appellant knew that it was wrong to make whisky. He could not say that the appellant did not know right from wrong.

Trahorn, another witness, testified that from his observations of the appellant's actions and conduct he would state that the appellant was of unsound mind; that his mind was in such condition that he could not tell right from wrong. He did not know and would not say whether the appellant's mind was in such state that he would know right from wrong with reference to handling whisky.

The request for an instructed verdict to acquit upon the ground that there was no proof that the liquor possessed by the appellant was intoxicating is not tenable. Several witnesses testified that the liquid was whisky. The courts have judicial knowledge of the fact that whisky is intoxicating. See Gurski v. State, 93 Texas Crim. Rep., 612, 248 S. W., 353; Proctor v. State, 114 Texas Crim. Rep., 383, 25 S. W. (2d) 351; Marshburn v. State, 115 Texas Crim. Rep., 523, 28 S. W. (2d) 135.

The court instructed the jury on general insanity which embraced in substance a charge recommended in Willson's Criminal Forms, which has often been approved. There is an exception to it to the effect that it over-emphasizes the presumption of sanity and the burden of proof. A special charge on the subject was refused. The charge given is not regarded as faulty in the respects mentioned; nor was there, in our judgment, error in refusing to give the special charge. The case does not seem to be one calling for a general charge on insanity. The evidence shows that the attacks of insanity were intermittent, depending upon fits from which he suffered. Under such circumstances the law places upon the accused the burden of proving by the preponderance of the evidence that the time the offense was charged to have been committed by him was not in a lucid interval. The subject was discussed in a well-considered opinion written by Presiding Judge White in the case of Leache v. State, 22 Texas App., 313, 3 S. W., 539, 545, 58 Am. Rep., 638, in which it was said:

"The burden is upon the defendant to show that he was insane at the time of and with regard to the particular act, and the presumption of sanity in temporary or recurrent insanity is against him, and must be overcome by him with a preponderance of evidence."

This principle has been applied in many instances. See Zimmerman v. State, 85 Texas Crim. Rep., 630, 215 S. W., 101; Calloway v. State, 92 Texas Crim. Rep., 506, 244 S. W., 549; Roberts v. State, 89 Texas Crim. Rep., 454, 231 S. W., 759.

In entering the sentence the court ignored the Indeterminate Sentence Law. The appellant should have been ordered confined in the state peni-

tentiary for a period of not less than one nor more than two years. The sentence is accordingly reformed in that particular, and as so reformed, the judgment is affirmed.

*Reformed and affirmed.*